## ROSSER v STATE

Ohio Appeals, 4th Dist, Athens Co
Decided April 9, 1931

R. W. Finsterwald, Athens, and George W. Rose, Glouster, for Rosser.

John D. Bolin, Athens, for State.

BLOSSER, J.

It is urged by the state that the evidence of the wife was competent by reason of the provisions of §13444-2 GC which provides that

"Husband or wife shall not testify concerning a communication made by one to the other, or act done by either in the presence of the other during coverture, unless the communication was made or the act done in the known presence or hearing of a third person competent to be a witness," etc.

The difficulty arose by reason of a confusion in the construction of original §13659 GC as amended to become effective July 21, 1929, and now §13444-2 GC. At common law husband and wife were incompetent to testify against each other in all criminal cases by reason of the theoretical unity of husband and wife. This common law rule is still in effect in Ohio except as it has been relaxed and modified by statute. The legislature from time to time has modified the rule so as to permit husband or wife to testify against the other in certain designated criminal prosecutions. By virtue of the provisions of the section above referred to the wife is a competent witness to testify against the husband in a proceeding for personal injury, bigamy, failure to provide, etc. The class of cases in which the wife is a competent witness against the husband is limited to those specific cases mentioned in the statute. The provision of the statute that the husband or wife shall not testify to a comumnication made by one to the other, or act done by either in the presence of the other during coverture, unless the communication was made or the act done in the known presence or hearing of a third person competent to be a witness, does not enlarge the class of cases in which the husband or wife is made competent to testify. The legislature has not deemed it wise up to this time to enlarge the class of cases in which the husband or wife may testify against each other to include a prosecution for violation of the prohibition laws. The testimony of the wife in this case should not have been excluded on the ground that the acts done were not in the known presence of a third person compe-

tent to be a witness, but it should have been excluded on the ground that the wife was incompetent to testify against her husband in this case.

The construction of the above section of the code was before this court in the case of **Locke v State, 33 Oh Ap 445**, wherein Mauck, J, in the opinion discussed the reasons for this interpretation.

It is also claimed that the court's charge with reference to the possession of beer was erroneous. The isolated part of the charge complained of by the plaintiff in error when standing alone would be subject to criticism. Separate parts of a charge can not be considered alone. The charge must be taken as a whole. We think that the charge taken as a whole properly stated the law with reference to what constituted possession.

Counsel for the defendant objected to the testimony of the wife on the ground of her incompetency after she had answered a few preliminary questions. Her testimony was prejudicial and she was not a competent witness. This was fatal error. For this reason the judgment is reversed and the cause remanded to the Court of Common Pleas for further proceedings according to law.

MAUCK, PJ, and MIDDLETON, J, concur.