## STATE v GOODIN

Ohio Appeals, 1st Dist, Hamilton Co

No 5492.   Decided December 12, 1938

Carl W. Rich and Gordon W. Scherer, Cincinnati, for appellee.

Hyman B. Rosen and Jos. M. Rheins, Cincinnati, for appellant.

## OPINION

By MATTHEWS, J.

The defendant was found guilty of cutting one Delia Wright with intent to wound. The court overruled his motion for a new trial and sentenced him to imprisonment in the penitentiary. This is an appeal from that sentence.

Two grounds are assigned for the reversal of the conviction.

(1) The first is, that the court erred in permitting the defendant's wife to testify as a witness for the state, over the objection of the defendant made when she was placed upon the stand, and by motion to exclude her testimony, made at the close of her direct examination.

The wife testified that she saw the defendant make an unprovoked assault upon the prosecuting witness.

There is no doubt that her testimony was material and prejudicial to the defendant.

Was she a competent witness for the state?

By §13444-2, GC, it is enacted that:

"No person shall be disqualified as a witness in a criminal prosecution by reason of his interest in the event thereof as a party or otherwise, or by reason of his conviction of crime. Husband and wife shall be competent witnesses to testify in behalf of each other in all criminal prosecutions, and to testify against each other in all actions, prosecutions, and proceedings for personal injury of either by the other, bigamy or failure to provide for, neglect of, or cruelty to their child or children under sixteen years of age; and a wife may testify against her husband in a prosecution under §§13008, or 13009 for neglect or abandonment of such wife. Such interest, conviction or relationship may be shown for the purpose of affecting the credibility of such witness. Husband and wife shall not testify concerning a communication made by one to the other, or act done by either in the presence of the other during coverture; unless the communication was made or act done in the known presence or hearing of a third person competent to be a witness, or in case of personal injury by either the husband or wife of the other, or bigamy, or in case of the failure to provide for, or the neglect or cruelty of either to their child or children under sixteen years of age, or neglect or abandonment of such wife under §§13008 or 13009; but the presence or whereabouts of the husband or wife shall not be construed to be an act under this section. The rule shall be the same if the marital relation has ceased to exist."

It is clear that this section makes the wife a competent witness on behalf of the husband, except as to certain confidential communications or acts, not in the known presence of a third person competent to be a witness, and in prosecutions for certain specific crimes named in the section.

It is also clear that the section makes the wife a competent witness against the husband in prosecutions or proceedings against him for personal injuries inflicted by him upon the wife, for bigamy, failure to provide for his children, and for violation of §13008 and 13009, GC.

There is certainly no language in this section which can be considered an express provision making the wife a competent witness against the husband generally, that is, in all categories of cases, civil and criminal. And the language seems to exclude the possibility of construing the language used as implying an intention to clothe the wife with a general competency as a witness against the husband. The courts have not found any such general intent in the language used.

The predecessor of this section was construed in State v Orth, 79 Oh St, 130. Since that decision, it has been amended by providing for the competency of the spouse as a witness in certain enumerated cases. However, the general provision remains the same. The rule of construction applied to the section as it was then leads to the same conclusion when applied to it in its present form, with this additional sign of the legislative intent, that having provided that the spouse was competent as a witness in specifically enumerated cases shows an intent not to remove the disqualification in the cases not mentioned. In State v Orth, supra, the court at 134 and 135 said:

"The only proper effect of the statute— §7284— if interpreted to mean what it says, and its language being plain, only such interpretation is permissible, is: 1. The removal thereby of the interest disqualification, and of disability by reason of the conviction of a crime; 2. To make husband and wife competent witnesses on behalf of each other in all criminal prosecutions; 3. To enact and provide that the rule of evidence as to confidential or privileged com-

munications shall not apply, in case of personal injury by either the husband or wife to the other, or in case of the neglect or cruelty of either to their minor children under ten years of age; but that in such cases, husband or wife, testifying on behalf of each other, shall be competent to testify to communications made by one to the other, or acts done by either in the presence of the other, although no third person was present. That the legislature did not intend by the adoption of this statute to abrigate, or modify, the firmly established general rule of the common law that husband and wife are incompetent to be witnesses against each other in criminal cases, is at once evident when we consider, that with the whole subject before it for consideration, it enacted, by positive provision and in express terms, that husband and wife shall be competent witnesses on behalf of each other, but declined to thus enact that they should be competent witnesses against each other. If it had been the purpose and design of the legislature to so relax or change this rule of the common law as to permit husband and wife to testify against each other in the cases in said statute specified, it would doubtless have so declared in express and appropriate terms, and it would not have left this purpose to be ascertained or discovered by interpretation, or supplied by mere conjecture."

See also 42 O. Jur. (§228) 232, et seq.

(2) In defining the offense of assault and battery, the court said:

"the crime of assault and battery, which is not malicious and not purposely, but merely in any way touching, with the hand, or anything, another, without lawful justification, that is assault and batter."

It is assigned as error that this definition omits the essential element of intent. That intent is an essential ▮▮▮▮ element is clear. 3 O. Jur. 209, et seq.; 4 Am. Jur., 129, et seq.; 6 C. J. S. (§71) 924. What will satisfy the requirement depends upon the circumstances of the case. In the case at bar appellant confessedly had the intent to injure the prosecuting witness, the only question being whether he acted in self-defense.

There is an additional reason that the error was not prejudicial. The jury did not ▮▮▮▮ find the appellant guilty of assault and battery. As it found him guilty of cutting

to wound, it had no occasion to apply the definition—and did not.

The judgment is reversed for error in permitting the appellant's wife to testify on behalf of the state and the cause is remanded for further proceedings according to law.

ROSS, PJ, and HAMILTON, J, concur.