ACME METER SERVICE CORPORATION, Plaintiff-Appellant,
v. OLENTANGY VILLAGE HOUSING CORPORATION, Defend-
ant-Appellee
ACME METER SERVICE CORPORATION, Plaintiff-Appellant,
v. CAMBRIDGE ARMS, INC., Defendant-Appellee.

Ohio Appeals, Second District, Franklin County.

Nos. 3705 & 3706. Decided January 11th, 1945.

Benj. F. Levinson, Columbus, for plaintiff-appellant.
Burr, Porter, Stanley & Treffinger, Lawrence D. Stanley,
of Counsel, Columbus, for defendants-appellees.

GEIGER, J., and MONTGOMERY, J., of the Fifth District,
sitting by designation in place of BARNES, P. J.

## OPINION

By HORNBECK, J.
Assignment of error No. 1 is that,
"The finding and judgment of the Court sustaining the
second defense of the answer is against the weight of the evi-
dence, and is contrary to law in that there is no evidence in
the record that the plaintiff was doing business in Ohio,
but the evidence is that the plaintiff-appellant is engaged in
interstate commerce and the judgment of the Court was a

denial of its rights under the Constitution of the United States."

We are satisfied that the subject matter to be provided ■ by the appellant under its contracts, namely, professional services, was in one view of the evidence all performed in Ohio and would not constitute interstate commerce. Federal State Com. v Smith, 1 Fed. Sup., 247. The cases cited by appellant, York Mfg. Co. v Colley, 247 U. S., 21, 38 S. C. R. 430; Bay City v Frazer, 77 Fed. (2d), 570, 573, do not controvert the conclusion we have reached.

In the most favorable light to the appellant there was a factual issue whether or not, in carrying out its contracts, it was doing business in Ohio, and there is some support for the claim that by far the greater part of the services were performed in Ohio, and there is substantial support for the defense that much of the obligation of appellant was performed in Columbus. The trial judge was well within his province in resolving this issue in favor of the appellee.

The second assignment of error is,

"The finding and judgment of the Court in sustaining the third defense of the answer is against the weight of the evidence in that there was insufficient evidence that the plaintiff was rendering engineering service contrary to the laws of the state of Ohio."

The third assignment is,

"The Court erred by denying the plaintiff a substantial right in refusing the plaintiff the right to cross-examine a material witness called by the Court."

This latter assignment is well made and if there were but ■ the one issue between the parties would justify a reversal of the judgment, but, as there were clearly two distinct issues raised by the second and third defenses of the answer, and the second defense was properly tried and properly resolved under the law, the error which the Court committed would not support a general reversal. Sites v Haverstick, 23 Oh St, 626; North River Ins. Co. v Ohmer, 63 Oh Ap, 346.

We do not support the claim of the appellee that the contracts disclose that the plaintiff was obligated to perform "engineering services in Ohio contrary to law".

Assignment of error No. 4:

"The Court erred by placing the burden of proof upon the plaintiff to disprove the defenses asserted by the defendants."

We do not find that the trial judge so held. The quotation referred to in the brief of appellant discloses that at the juncture of the trial when made the trial judge had then come to a state of mind indicated by his expression, but it does not establish that upon the whole case he adopted any rule other than the controlling one, namely, that the burden was upon the defendant as its affirmative defense to prove it by a preponderance of the evidence.

Assigned errors 5, 6 and 7 are not supported.

Judgment affirmed.

GEIGER, MONTGOMERY and HORNBECK, JJ., concur.