THE STATE OF OHIO, APPELLEE, *v.* RODRIGUEZ, APPELLANT.

(No. 204—Decided December 7, 1959.)

*Mr. John H. Barber*, prosecuting attorney, for appellee.
*Mr. Charles M. Ham*, for appellant.

*Per Curiam.* The defendant was found guilty of man-slaughter. The court overruled his motion for new trial and sentenced him to confinement in the penitentiary. This is an appeal on questions of law from that sentence.

Several grounds are assigned for the reversal of the conviction:

1. The trial court erred in overruling the defendant's challenge for cause on the *voir dire* examination of the prospective jurors.

2. Error in permitting the wife of the defendant, over the objection of the defendant, to testify against the defendant and for the state of Ohio.

3. Error in overruling the defendant's several objections to testimony by state's witness Lester J. Trigg as to a conversation between him and state's witness Santos Rodriguez.

4. Error in voluntarily striking the defendant's question as to the character and reputation of the decedent.

5. Error in refusing the defendant the right to cross-examine the plaintiff's witness Santos Rodriguez, after his right to do so had been previously reserved.

6. Error in permitting the state of Ohio to prove, over the defendant's objection, that the defendant had been arrested and convicted of violating a traffic ordinance.

7. Error in instructing the jury, before argument, and over the defendant's objection, that "the defense of accidental shooting is inconsistent with the theory of self-defense."

8. Error in permitting the plaintiff to introduce into evidence, over the defendant's objection, the plaintiff's exhibit "R," being the report of the police department of Toledo, Ohio, bearing the name of E. E. Clancy and the initials "E. C."

9. Error in failing to rule or comment upon the defendant's assignment as improper conduct of the prosecutor's statement in his closing argument: "I think this man is guilty of the crime of manslaughter."

10. Error in charging the jury that self-defense "is the only thing in this case which in any sense would justify the unlawful killing of another human being" and that "the only possible justification is the defense alleged here by Mr. Ham of possible self-defense."

11. The verdict and judgment are contrary to law and against the manifest weight of the evidence.

12. Error in overruling the defendant's motion for new trial.

We are of the opinion that the chief assignments of error numbered 2, 5, 6, 7 and 10 are well taken and require a new trial, and we will discuss them in that order.

As to assignment of error No. 2, the trial court erred in permitting the wife of the defendant, over the objection of the defendant, to testify against the defendant and for the state of Ohio.

The pertinent provisions of Section 2945.42 of the Revised Code are:

"* * * Husband and wife are competent witnesses to testify in behalf of each other in all criminal prosecutions, and to testify against each other in all actions, prosecutions, and proceedings for personal injury of either by the other * * *. Husband and wife shall not testify concerning a communication made by one to the other, or act done by either in the presence of the other, during coverture, unless the communication was made or act done in the known presence or hearing of a third person competent to be a witness * * *."

The common-law rule is that, where a husband or wife is prosecuted for a criminal offense, his or her spouse is incompetent as a witness for the prosecution, except where the offense charged is one against the person of the testifying spouse. The Ohio statute has adopted, with some modifications, the doctrine of the common-law rule.

In construing the statute in *State* v. *Goodin*, 60 Ohio App., 362, 364, 21 N. E. (2d), 482, it is stated:

"It is clear that this section makes the wife a competent witness on behalf of the husband, except as to certain confidential communications or acts, not made in the known presence of a third person competent to be a witness, excluding from such exception prosecutions for certain specific crimes named in the section.

"It is also clear that the section makes the wife a competent witness against her husband in prosecutions or proceedings against him for personal injuries inflicted by him upon the wife, for bigamy, failure to provide for his children, and for violation of Sections 13008 and 13009, General Code.

"There is certainly no language in this section which can be considered an express provision making the wife a compe-

tent witness against the husband generally, that is, in all categories of cases, civil and criminal. The language seems to exclude the possibility of construing it as implying an intention to clothe the wife with a general competency as a witness against her husband. The courts have not found any such general intent in the language used.

"The predecessor of this section was construed in *State* v. *Orth*, 79 Ohio St., 130, 86 N. E., 476, 22 L. R. A. (N. S.), 240. Since that decision the section has been amended by providing for the competency of the spouse as a witness in certain enumerated cases. However, the general provision remains the same. The rule of construction, applied to the section as it was then, leads to the same conclusion when applied to it in its present form. However, there is this additional sign of the legislative intent. Having provided that the spouse was competent as a witness in specifically enumerated cases shows an intent not to remove the disqualification in the cases not mentioned. In *State* v. *Orth, supra*, the court at 134 and 135 said:

" 'The only proper effect of the statute—Section 7284—if interpreted to mean what it says, and its language being plain, only such interpretation is permissible, is: 1. The removal thereby of the interest disqualification, and of disability by reason of the conviction of a crime; 2. To make husband and wife competent witnesses on *behalf* of each other in all criminal prosecutions; 3. To enact and provide that the rule of evidence as to confidential or privileged communications shall not apply, in case of personal injury by either the husband or wife to the other, or in case of the neglect or cruelty of either to their minor children under ten years of age; but that in such cases, husband or wife, testifying on behalf of each other, shall be competent to testify to communications made by one to the other, or acts done by either in the presence of the other, although no third person was present. That the Legislature did not intend by the adoption of this statute to abrogate, or modify, the firmly established general rule of the common law that husband and wife are incompetent to be witnesses against each other in criminal cases, is at once evident when we consider, that with the whole subject before it for consideration, it enacted, by positive provision and in express terms, that husband and wife shall be

competent witnesses on behalf of each other, but declined to thus enact that they should be competent witnesses against each other. If it had been the purpose and design of the Legislature to so relax or change this rule of the common law as to permit husband and wife to testify against each other in the cases in said statute specified, it would doubtless have so declared in express and appropriate terms, and it would not have left this purpose to be ascertained or discovered by interpretation, or supplied by mere conjecture.' "

In the case before us, the wife was present when defendant husband shot the deceased. In *Locke* v. *State*, 33 Ohio App., 445, 169 N. E., 833, it is held that in the prosecution of a husband for the murder of his mother-in-law, committed by shooting her in the presence of the wife, the wife's testimony as to the act of shooting was not, under the statute, rendered incompetent because a third party present subsequently died, and that the partial competency of the wife to testify makes it possible for one spouse accused of the crime to waive the competency of the other when called by the state to testify without objection. However, it was held in *Rosser* v. *State*, 10 Ohio Law Abs., 69 (the same Court of Appeals), that the wife is not a competent witness against the husband in a prosecution for violation of the prohibition laws, even though a third person was present when the acts took place.

The Supreme Court in *Ruch* v. *State*, 111 Ohio St., 580, 146 N. E., 67, in a prosecution of a husband for the crime of perjury held that the wife's testimony for the state was not wholly incompetent because it could be considered in the absence of objection thereto. See, also, 42 Ohio Jurisprudence, 231, Section 227. Upon either construction of the statute or reasoning thereon, however, we find timely objection to the testimony of the wife in the case before us, and permitting her to testify was error.

As to assignment of error No. 5, the trial court erred in refusing the defendant the right to cross-examine the state's witness Santos Rodriguez after his right to do so had been previously reserved.

The record reveals that at the close of the re-direct examination of the state's witness Santos Rodriguez counsel for de-

fendant addressed the court and received the response as follows:

"Mr. Ham: I'd like the privilege of recalling this witness for further cross-examination in the defendant's case.

"Court: Very well."

The accused has a constitutional right in any criminal case to meet the witnesses face to face, which includes the right to cross-examine all witnesses not called by himself. Further, the right of the state in its prosecution of a criminal action to cross-examine and impeach the witnesses of the accused does not abrogate the constitutional right of the accused to cross-examine every person through whose declarations the state seeks to condemn him. 42 Ohio Jurisprudence, 325, Section 323; *Kent* v. *State*, 42 Ohio St., 426; *Morgan* v. *State*, 48 Ohio St., 371, 27 N. E., 710; *Weaver* v. *State*, 120 Ohio St., 97, 165 N. E., 569; *Acme Meter Service Corp.* v. *Olentangy Village House Corp.*, 45 Ohio Law Abs., 636, 68 N. E. (2d), 389; *State* v. *Browning*, 98 Ohio App., 8, 10, 128 N. E. (2d), 173. In the last cited case it is said:

"Cross-examination of a witness is perhaps the most effective means devised by the law for discovery of the truth, and is an accepted universal right. The constitutional right of an accused in any criminal case to meet the witnesses face to face includes in its purpose the opportunity and right to cross-examine all the state's witnesses, and the widest latitude known to the law is granted in criminal cases, where the life, liberty, and property of the accused are exposed to adverse and hostile witnesses. The texts state that in a criminal case this right should not be abridged, and that, since the credibility of a material witness is always in issue, the court may not disparage any effort made to impeach and discredit the witness within reason. The courts have gone so far as to hold that to deny the right of full and fair cross-examination as to a single witness is manifest error."

The assignment of error No. 6 is well taken in that the trial court erred in permitting the state in a trial for manslaughter to cross-examine defendant, over defendant's objection, pertaining to an arrest and conviction of a city automobile traffic ordinance prohibiting crossing a yellow line in the street. Al-

though the accused exercised his right to testify in a prosecution for crime and thereby subjected himself to the same test as to credibility as any other witness, within the sound discretion of the court (15 Ohio Jurisprudence [2d], 352, Sections 123, 366, 536; *Hanoff* v. *State*, 37 Ohio St., 178, 41 Am. Rep., 496; *State* v. *Williams*, 85 Ohio App., 236, 88 N. E. [2d], 420), the credibility of the accused can only be tested within the designation of the *crimen falsi* in the common law. *Kornreich* v. *Industrial Fire Ins. Co.*, 132 Ohio St., 78, 5 N. E. (2d), 153. And where the accused testifies on his own behalf in a criminal prosecution, this court has held that he may not be cross-examined as to a former conviction for violation of a city ordinance. *State* v. *Hickman*, 102 Ohio App., 78, 141 N. E. (2d), 202. See, also, 42 Ohio Jurisprudence, 389, Section 380, citing *Coble* v. *State*, 31 Ohio St., 100; *Harper* v. *State*, 106 Ohio St., 481, 140 N. E., 364; *Killian* v. *Cleveland R. Co.*, 10 Ohio Law Abs., 14; and *August* v. *Finnerty*, 10 C. C. (N. S.), 433, 20 C. D., 330

Assignment of error No. 10 is that the court erred in charging the jury that self defense "is the only thing in this case which in any sense would justify the unlawful killing of another human being" and that "the only possible justification is the defense alleged here by Mr. Ham of possible self defense." The court had theretofore given a special instruction to the jury, before argument, on the defense of accidental shooting, and in its general charge said:

"That question of intent relates to the discussion as to the question of its being accidental and the testimony of the defendant as to whether this was accidental relates only to the question of intent.

"Now there is another question here which is of considerable importance to both parties and that is the question that was brought up yesterday as to possible self-defense in this case by the defendant Jose Rodriguez. That is the only thing in this case which in any sense would justify the unlawful killing of another human being * * *. The only possible justification is the defense alleged here by Mr. Ham of possible self defense. The accused testified he pushed the gun through the window of decedent's car trying to scare him and at that time the gun was discharged accidentally."

When the court couples an instruction on the defense of accidental shooting with a defense of self-defense and uses such language indicating the court's mind that self-defense is the sole valid defense in the case, it is not only misleading and confusing to the jury but prejudicial to the accused in that it virtually withholds from the jury consideration of the defense of accidental death. Counsel for the accused refer to *State* v. *Armbrust*, 35 Ohio Law Abs., 554, 42 N. E. (2d), 214 (Court of Appeals, Second Appellate District, Franklin County), in which it is said:

"Counsel for defendant in their argument present the claim that defendants' possession and drawing of a weapon may be in self-defense, but the actual infliction of the mortal wound may be an accident. The authorities cited support this argument and it seems to us as sound in reasoning."

That court distinguished the case of *State* v. *Champion*, 109 Ohio St., 281, 142 N. E., 141 (cited by counsel for the state), as we do in the instant case, because the charge of the court and the facts there under consideration were definitely different. What has been discussed here under assignment of error No. 10 is applicable to our holding that assignment of error No. 7 is well taken under the particular facts of this case.

It may be noted that the court misinstructed the jury on the weight of the evidence as follows:

"If you find by a preponderance of the evidence the defendant assaulted the deceased at the time and place alleged in the indictment, and such assault was the proximate cause of the death of the decedent, then it is your duty to find the defendant guilty of the crime of manslaughter."

Since the verdict and judgment in this case must be reversed, it follows that the assignment of error No. 12, that the trial court erred in overruling the motion for new trial, is well taken.

The other errors assigned are not well taken or are non-prejudicial.

It should be noted that in parts of the record the climate of the trial was not conducive to even-handed justice. The particularly unfortunate incidents arose upon the comments of the court in the presence of the jury when overruling objections of

defense counsel, showing an excess of feeling by the court which did not comport with that degree of judicial equanimity and composure requisite to the decorum of a fair and impartial trial.

In as much as the judgment must be reversed and the cause remanded to the Court of Common Pleas for a new trial, it occurs to us that some comment is desirable with respect to the eliciting of testimony through an interpreter. It is apparent that in the examination of the witnesses who could not understand or speak English the interpreter was permitted to give his individual conclusions with respect to the answers of the witnesses rather than a literal interpretation of the language employed by the witnesses. Such practice leads to confusion and doubt as to the accuracy of the testimony, and it is, therefore, disapproved.

The judgment is reversed and the cause is remanded to the Court of Common Pleas for a new trial.

*Judgment reversed.*

FESS, P. J., SMITH and DEEDS, JJ., concur.