The STATE of Ohio, Appellee,

v.

NEGASH, Appellant.

[Cite as *State v. Negash*, 170 Ohio App.3d 86, 2007-Ohio-165.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 06AP–285.

Decided Jan. 18, 2007.

Richard C. Pfeiffer, Jr., City Attorney, Stephen L. McIntosh, and Matthew A. Kanai, for appellee.

Richard Cline & Co., L.L.C., and Richard A. Cline, for appellant.

SADLER, Presiding Judge.

{¶ 1} Appellant, Mussie Negash, filed this appeal seeking reversal of his conviction by the Franklin County Municipal Court for operating a vehicle while under the influence of alcohol ("OVI"). For the reasons that follow, we affirm appellant's conviction.

{¶ 2} Some time around 2:30 a.m. on August 8, 2005, appellant was driving on Livingston Avenue in Columbus, Ohio, with one passenger, his friend Belete Gebresilassie. At one point, appellant's vehicle was stopped behind two Columbus Police Department cruisers, one of which was driven by Officer Fulwider. Appellant pulled around the two cruisers and proceeded west on Livingston Avenue.

{¶ 3} As Officer Fulwider subsequently drove down Livingston Avenue, he caught up with appellant's vehicle, which was traveling approximately 20 m.p.h. in a 35 m.p.h. speed zone. As Officer Fulwider followed appellant, appellant abruptly accelerated up to around 50 m.p.h. Appellant then drove across the center line at least two times. Officer Fulwider went to pull appellant over, and appellant was slow to respond, although Officer Fulwider stated that this did not seem to be the result of an attempt by appellant to elude the police.

{¶ 4} Once appellant stopped, Officer Fulwider approached the vehicle and began to talk to appellant and Gebresilassie. Officer Fulwider testified that he smelled an odor of alcohol coming from appellant's vehicle. Both appellant and Gebresilassie denied having consumed any alcohol that evening. Officer Fulwider also testified that appellant's speech seemed to be slurred, although it was difficult to tell due to appellant's accent.

{¶ 5} Officer Fulwider asked appellant to step out of the vehicle for the purpose of conducting field sobriety testing. Officer Fulwider conducted a horizontal gaze nystagmus test, a one-leg-stand test, and a heel-to-toe walk-and-turn test. Officer Fulwider stated that each of these tests indicated that appellant was under the influence of alcohol. Consequently, appellant was placed under arrest and taken to have a breath test performed.

{¶ 6} Officer Decker of the Columbus Police Department was to conduct the breath test. Officer Decker testified that appellant began to blow into the breath-testing machine as required, but he abruptly stopped blowing, stepped back from the machine and said, "No." Since the breath sample at that point was insufficient to give a result, appellant was marked as having refused the test. Appellant was subsequently charged with OVI, failing to maintain continuous lanes, and speeding.[1]

{¶ 7} When this matter came on for trial, the court appointed an interpreter named Yohannes to ensure that appellant properly understood all of the testimony by translating that testimony into Tigringna, appellant's native language. The court also appointed an interpreter named Lemlem to translate Gebresilassie's testimony. Initially, appellant, who is from Eritrea, expressed concern that the interpreters may have originally been from Ethiopia rather than Eritrea, and the conflict between those two countries may have resulted in animosity towards him. Appellant also expressed concerns that interpreter Yohannes was not making correct translations. As a result, the court switched the roles of the two interpreters, with interpreter Lemlem providing translation to appellant, and interpreter Yohannes providing translation of Gebresilassie's testimony.

---

1. Appellant was initially also charged with a seat-belt violation and with refusing to take a breath test after a prior refusal, but these charges were dismissed.

{¶ 8} During Gebresilassie's testimony, appellant's counsel requested a sidebar and informed the court that interpreter Lemlem had told him that interpreter Yohannes was making mistakes in his translation of Gebresilassie's testimony. The court allowed Gebresilassie to complete his testimony, and then conducted an inquiry into the allegation regarding mistakes made in translation. The court then asked interpreter Lemlem, outside the presence of the jury, about the mistakes that were being made. Interpreter Lemlem stated that the mistakes being made were "Not major, but repeatedly." The court ruled that there was no indication that any mistakes in translation were material. At the beginning of trial the next day, appellant moved for a mistrial, citing the problems with translation. The court overruled the motion, concluding that, based on the court's observations of the testimony and of appellant's conduct, a mistrial was not warranted.

{¶ 9} During closing argument, appellant's counsel played a video of the jail slating process after appellant's arrest. Counsel argued that the tape showed that appellant was not intoxicated, that the officers had lied in their testimony when asked whether they had made comments about appellant's country of origin, and that one of the officers had expressed doubts about appellant's intoxication. Both appellant's counsel and counsel for the state commented extensively on the video during their closing arguments.

{¶ 10} The jury returned a verdict of guilty on the OVI charge. The court convicted appellant on the lane-violation charge, but acquitted him on the speeding charge. Appellant then filed this appeal.

{¶ 11} Appellant alleges the following two assignments of error:

1. The court below erred when it denied defendant's motion for mistrial due to improper translation, and thus denied Mr. Negash a fair trial and due process of law in violation of the Fifth, Sixth and Fourteenth Amendments to the United States Constitution and Article I, §§ 10 and 16 of the Ohio Constitution.

2. The trial court erred when it failed to inform the jury that the jail video was properly admitted evidence that the jury was permitted to consider in arriving at its verdict, and it thus deprived Mr. Negash of due process of law and a fair trial in violation of the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and Article I, §§ 10 and 16 of the Ohio Constitution. In the alternative, Mr. Negash was denied the effective assistance of counsel by counsel's failure to offer the video during the defense case in chief.

{¶ 12} A mistrial should be granted only when a fair trial is no longer possible. *State v. Conway,* 108 Ohio St.3d 214, 2006-Ohio-791, 842 N.E.2d 996.

The trial court is in the best position to determine whether the circumstances are such that declaration of a mistrial is warranted. *State v. Ahmed*, 103 Ohio St.3d 27, 2004-Ohio-4190, 813 N.E.2d 637. Thus, the decision whether to grant a mistrial is within the discretion of the trial court, and will not be reversed on appeal absent an abuse of that discretion. *State v. Iacona* (2001), 93 Ohio St.3d 83, 752 N.E.2d 937.

{¶ 13} If a witness does not understand English, the proper procedure calls for the trial court to appoint an interpreter to be placed under oath to translate the witness's testimony. *State v. Pina* (1975), 49 Ohio App.2d 394, 3 O.O.3d 457, 361 N.E.2d 262. The trial court has wide latitude in the precise manner in which the testimony of the witness will be elicited, but in general, the interpreter must give a literal interpretation of the testimony, without giving any of the interpreter's own conclusions. *State v. Alvarez*, 154 Ohio App.3d 526, 2003-Ohio-5094, 797 N.E.2d 1043, citing *State v. Rodriguez* (1959), 110 Ohio App. 307, 13 O.O.2d 79, 169 N.E.2d 444.

{¶ 14} In this case, appellant argues that the interpreter did not provide verbatim translations of the witness testimony. Initially, we note that it is not clear whether appellant is arguing only about errors in translation of Gebresilassie's testimony, or also about errors in translation of testimony that were provided to appellant. The record shows two different discussions regarding alleged translation errors that occurred. The first took place during Gebresilassie's testimony when appellant's counsel asked for a sidebar and informed the court that interpreter Lemlem had informed him that some of interpreter Yohannes's translations were incorrect. In an inquiry conducted at the conclusion of the testimony, the court pressed interpreter Lemlem for specific examples of errors. Interpreter Lemlem stated that the errors were not major, and the examples provided related to Gebresilassie's testimony about the precise time the traffic stop occurred.

{¶ 15} The second discussion took place before commencement of trial the following day, when appellant's counsel actually moved for a mistrial. During that discussion, appellant's counsel made reference to "problems understanding some of the words, or translating for the defendant." In addressing the concern in this second discussion, the trial court focused on appellant's testimony. The court stated:

> In my assessment of the testimony yesterday of the defendant, the questions that were asked that were interpreted and the responses that were given were very accurate or very responsive to the questions that were asked. That indicates to me that the interpretation was correct.

Additionally, for the record, I would just like to indicate that I noticed Mr. Negash sometimes answered a question before it was interpreted as well as nod his head yes or no to a question as it was being asked, and then speaking in his native tongue allowing it to be interpreted, and that same answer indicated that he understood the question before it was even interpreted.

I'm not saying that he doesn't need an interpreter, I'm just saying that I have every indication at this point in time that he understands the questions that are asked, the statements that are made, and his responses to those have been appropriate and have indicated that he understands the proceedings that are against him at this point in time.

{¶ 16} It appears that appellant's argument, although referring to problems "translating for the defendant," was actually aimed at the interpretation of the testimony that was being offered to the jury. The court inquired into the nature of the alleged translation errors and was informed by interpreter Lemlem that the errors were not major. The only concrete examples of errors that could be provided by interpreter Lemlem involved the issue of the time the traffic stop occurred, which the trial court ruled were not sufficiently critical to the case as to constitute prejudice to appellant. Given the examples provided by interpreter Lemlem, we cannot conclude that the alleged translation errors were truly errors or, assuming that they were errors, that they were material errors. The trial court was in a position to determine whether those errors, assuming they did occur, were of such magnitude as to require declaration of a mistrial. Thus, we cannot say that the trial court abused its discretion when it denied appellant's motion for a mistrial. Therefore, appellant's first assignment of error is overruled.

{¶ 17} In his second assignment of error, appellant argues that the trial court erred by failing to inform the jury that the video from the jail slating process during appellant's arrest was evidence that they were supposed to consider. Appellant claims the video calls into question the credibility of the arresting officers because it shows inconsistencies in their testimony on issues such as whether comments were made about appellant's ethnicity and the use of physical force against appellant during his booking. Appellant's trial strategy was to impeach the credibility of the witnesses on those issues in order to call into question the credibility of their testimony regarding the OVI charge.

{¶ 18} Appellant argues that the trial court never formally told the jury that the video was evidence they could consider. In fact, since the video was played for the jury during closing arguments, and the jury was specifically instructed that statements made during closing arguments were not to be considered as evidence, appellant argues that the jury may have believed they could not consider the video as evidence. Although not specifically designated as a

separate assignment of error, appellant includes in his second assignment of error a claim that trial counsel's failure to ensure that the jury knew it could consider the video as evidence constituted ineffective assistance of counsel.

{¶ 19} It is clear from a reading of the record that the jury could not have been confused about whether they were to consider the video as part of the evidence. During closing arguments, both appellant's counsel and counsel for the state commented extensively about the video and what the jury should take from watching it. At the conclusion of jury instructions, there was some discussion by the court about the equipment the jury would need to watch the tape. Had it been the court's intention that the video not be considered, it would have been unnecessary for the court to have taken steps to give the jury the video and the means to view it. Thus, it was not error for the trial court to have failed to specifically instruct the jury that the video could be considered.

{¶ 20} Nor can we say that trial counsel's failure to ensure that the jury was specifically informed that the video could be considered constituted ineffective assistance of counsel. The decision to play the video during closing arguments may be somewhat curious, but it clearly falls within the ambit of trial strategy, and debatable trial tactics do not establish ineffective assistance of counsel. *State v. Hoffner* (2004), 102 Ohio St.3d 358, 2004-Ohio-3430, 811 N.E.2d 48. Accordingly, appellant's second assignment of error is overruled.

{¶ 21} Having overruled both of defendant's assignments of error, we affirm the decision of the trial court.

Judgment affirmed.

BRYANT and McGRATH, JJ., concur.