DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of conviction and sentence for rape entered on a guilty plea in the Ottawa County Court of Common Pleas. For the reasons that follow, we affirm appellant's conviction, but reverse his sentence and remand for resentencing.
 {¶ 2} Appellant is Arturo B. Lopez, a Mexican citizen in the United States as an immigrant with permanent residence. According to witnesses, on July 3, 2005, while at a family function in Port Clinton, appellant enticed his wife's five-year old granddaughter into a bathroom. Once in the bathroom, appellant was alleged to have had oral genital sexual activity with the girl. At his plea hearing, appellant described this activity as "kiss[ing] her vagina."
 {¶ 3} Appellant was arrested and charged with rape. Following his arrest and appointment of counsel, appellant agreed to plead on a bill of information to a violation of R.C. 2907.02(A)(2), without a specification of the victim's age.[1] Following a plea colloquy, the trial court accepted appellant's plea, and sentenced him to a nine-year term of imprisonment.
 {¶ 4} From this judgment, appellant now brings this appeal, setting forth the following three assignments of error:
 {¶ 5} "I. Defendant's plea is invalid because the defendant's court appointed translator did not provide a verbatim English translation and instead paraphrased the translation to the trial court because the translator violated the sworn oath, because many of the rights were explained to defendant off the record, because defendant stated that he was not guilty and because the trial court failed to comply with Ohio Revised Code § 2943.031(A).
 {¶ 6} "II. The trial court erred by failing to vacate the guilty plea during sentencing because defendant repeatedly expressed his intent to withdraw the guilty plea prior to sentencing.
 {¶ 7} "III. The instant case must be remanded for resentencing because judicial findings were made in violation of State v. Foster and because this appeal was pending when State v. Foster was decided."
 {¶ 8} Although appellant has been in the United States since approximately 1987, he was born in Mexico and his first language is Spanish. Consequently, at the plea and sentencing hearings, the court appointed an interpreter to translate.
 {¶ 9} In his first assignment of error, appellant suggests that his Crim.R. 11 colloquy was inadequate because 1) his interpreter was from Columbia, not Mexico; 2) the interpreter paraphrased appellant's responses, rather than provide verbatim translation; and 3) the trial court failed to warn appellant that conviction might lead to his deportation in the language provided by R.C. 2943.031.
 I. Translation {¶ 10} We find no support in the record for the suggestion that appellant failed to comprehend the proceedings as a result of interpreter inadequacy. On the record, appellant expressly approved the expertise of the translator. Complaints of mistranslation during the proceeding were few and generally inconsequential even though appellant's counsel was fluent in Spanish and appellant himself exhibited some degree of mastery in English.
 {¶ 11} With respect to the issue of verbatim translation, this was somewhat facilitated by the court which tended to address statements and questions to the translator. While there is persuasive authority that a verbatim translation is desirable, State v. Pina (1975),49 Ohio App.2d 394, 398, the manner in which translation is conducted rests within the discretion of the court, which is afforded "considerable latitude" in this regard. Id. at 399. Thus, while it may be reversible error for a trial court to permit an interpreter to convey the interpreter's own conclusions as to a defendant's answers, id.; see, also, State v.Rodriquez (1959), 110 Ohio App. 307, 315, there is nothing in the record of this case to suggest that such conclusory interpretation occurred. Accordingly, the portion of appellant's first assignment of error relating to translation is not well-taken.
 II. Deportation Warning {¶ 12} In material part, R.C. 2943.031 provides:
 {¶ 13} "(A) [P]rior to accepting a plea of guilty or a plea of no contest to an indictment, information, or complaint charging a felony * * * the court shall address the defendant personally, provide the following advisement to the defendant that shall be entered in the record of the court, and determine that the defendant understands the advisement:
 {¶ 14} "`If you are not a citizen of the United States you are hereby advised that conviction of the offense to which you are pleading guilty (or no contest, when applicable) may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States.' * * *"
 {¶ 15} During the plea colloquy in this matter, the following exchange occurred between the court, appellant and the interpreter:
 {¶ 16} "THE COURT: Will you explain to Mr. Lopez that because he is not a citizen of this country, that this conviction could trigger an investigation by the immigration authorities, and that they could issue a sanction as serious as ordering him deported from this country upon completion of his prison sentence. Will you ask him if he understands that?
 {¶ 17} "THE DEFENDANT: Yes, I understand.
 {¶ 18} "THE INTERPRETER: Yes, I understand it."
 {¶ 19} While it is preferable that a court warn of the immigration consequences of a plea with the statutory language read verbatim,State v. Francis, 104 Ohio St.3d 490, 493, 2004-Ohio-6894, ¶ 20, substantial compliance with the statute may suffice if, "* * * under the totality of the circumstances the defendant subjectively understands the implication of his plea and the rights he is waiving." Id. at 500,2004-Ohio-6894, ¶ 48, quoting State v. Nero (1990), 56 Ohio St.3d 106,108; see, also, State v. Bulgakov, 6th Dist. No. WD-03-096,2005-Ohio-1675, ¶ 17.
 {¶ 20} While a warning using the statutory language would be preferable, in our view the warning offered substantially complies with the law. Accordingly, the remainder of appellant's first assignment of error is not well-taken.
 III. Plea Change {¶ 21} In his second assignment of error, appellant insists that the trial court erred in failing to vacate his guilty plea. At the outset of the sentencing hearing, the trial court indicated that it had received a letter from appellant indicating that he wished to withdraw his guilty plea. Prior to sentencing, the court inquired of appellant's counsel about the communication. Counsel replied that he had spoken to appellant and that appellant, "* * * wishes to maintain his plea and proceed with sentencing." The court then addressed the interpreter to directly ask appellant if he, "* * * wished to keep his plea of guilty that he has made or does he wish to withdraw that plea and have this matter proceed to trial?" After discussion with appellant, the interpreter advised the court "that appellant did not wish to withdraw his plea."
 {¶ 22} The record is clear. Appellant withdrew his request to withdraw his guilty plea. We cannot find error in the trial court failing to grant a motion which was not before it. Accordingly, appellant's second assignment of error is not well-taken.
 IV. Foster {¶ 23} In his remaining assignment of error, appellant maintains thatState v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, dictates that all sentences imposed in cases pending prior to the court's announcement inFoster be remanded for resentencing. Since this case was pending whenFoster was announced, appellant insists that his sentence should be vacated, and the matter be remanded for resentencing.
 {¶ 24} The state responds that appellant's view of Foster sweeps too broad a swath. According to the state, the portion of the sentencing statutes found unconstitutional in Foster are not implicated here.
 {¶ 25} While the state is correct that appellant's view ofFoster is overbroad, it is incorrect that it is inapplicable. Although appellant was not burdened with consecutive or maximum sentences, because he has never before served a term in prison, R.C. 2929.14(B) directs that he be sentenced to the shortest prison term applicable (three years for a first degree felony) unless the sentencing court finds that such a term of imprisonment would demean the seriousness of the offender's conduct. Here the trial court made such a finding before imposing a nine year term of imprisonment.
 {¶ 26} Foster, at paragraph one of the syllabus; and ¶ 61 and ¶ 83, found R.C. 2929.14(B) in violation of a defendant's Sixth Amendment rights and ordered that sentences imposed using the offending statute be vacated and the matter remanded for resentencing. Id., ¶ 104. Accordingly, appellant's third assignment of error is well-taken.
 {¶ 27} On consideration whereof, the judgment of the Ottawa County Court of Common Pleas is affirmed, in part, and reversed, in part. This matter is remanded to said court for resentencing. Appellant and appellee are each ordered to pay one-half of the cost of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Ottawa County.
JUDGMENT AFFIRMED, IN PART, AND REVERSED, IN PART.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Arlene Singer, J.
William J. Skow, J.
George M. Glasser, J
CONCUR.
Judge George M. Glasser, retired, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.
[1] R.C. 2907.02(B) defines the offense as a first degree felony, but mandates a life sentence if the victim is under age ten.