James Cromwell **BAILEY**, Petitioner-Appellant,

v.

**UNITED STATES of America,**
Respondent-Appellee.

No. 13492.

United States Court of Appeals
Seventh Circuit.

April 6, 1962.

Thomas H. Morsch, Chicago, Ill., for appellant.

Howard P. Willens, Criminal Division, Department of Justice, Washington, D. C., Philip Carlton Potts, U. S. Atty., Fort Wayne, Ind. Herbert J. Miller, Jr., Asst. Atty. Gen., Kenneth C. Raub, U. S. Atty., Northern District of Ind., for appellee.

Before HASTINGS, Chief Judge, and KNOCH and CASTLE, Circuit Judges.

KNOCH, Circuit Judge.

This appeal was taken from the District Court's denial of appellant's motion to vacate and set aside sentence filed pursuant to Title 28 U.S.C.A. § 2255.

Appellant, James Cromwell Bailey, was found guilty after trial on a two-count

indictment which charged narcotics violations under Title 26 U.S.C.A. § 4704(a) and Title 21 U.S.C.A. § 174. Judgment was entered sentencing Mr. Bailey to serve 20 years and to pay a fine of $2,000 on the first count, and to serve concurrently a term of 25 years on the second count. The original judgment and commitment contained the following provision:

IT IS FURTHER ORDERED that pursuant to the provisions of Title 18, Sec. 4208(a) (2) the defendant may become eligible for parole at such time as the board of parole may determine.

On appeal, Mr. Bailey's conviction under the first count was reversed and his conviction under the second count was affirmed. United States v. Bailey, 7 Cir., 1960, 277 F.2d 560. An amended judgment and commitment, which contained no reference to parole was entered by the Trial Judge.

Subsequently Mr. Bailey sought to vacate and set aside the sentence on the second count on the ground that under the pertinent provisions of the United States Code he was not eligible for parole, and that the reference to parole in the original judgment and commitment rendered the sentence void. From denial of that motion, Mr. Bailey took this appeal.

Both parties have invited this Court's attention to the case of People v. Siracusa (1916) 275 Ill. 457, 114 N.E. 133. In that case one of the grounds on which reversal was sought concerned the Trial Court's alleged error in sentencing the defendants under the Parole Law. The judgment directed that each defendant be confined "in the penitentiary in safe and secure custody or on parole, * * * for the term of his natural life, * * * *" [page 458, 114 N.E. page 133]. The Illinois Supreme Court held [at pages 460–461, 114 N.E. at page 134]:

"The plain intent and purpose of the judgment was that plaintiffs in error should each be confined in the penitentiary for the term of his natural life. They were indicted for murder and plead[ed] guilty to that charge. * * *

"The parole system at that time had no application whatever to a conviction for the crime of murder. The provision in the judgment for the parole of plaintiffs in error or their discharge by the prison board, as authorized and directed by law, was surplusage, and the warden of the penitentiary and all other persons having to do with the administration of the criminal laws were bound to take notice that as the law then existed the Parole Act did not apply to anyone convicted of the crime of murder. * * *

"The language pointed out and complained of in the judgment in nowise renders it uncertain or impossible of execution. It is clearly surplusage and should be disregarded."

Counsel for Mr. Bailey argues that it is not at all clear that the Trial Judge did intend Mr. Bailey to be confined for the total term imposed; that the right to parole would ordinarily reduce the period, and that it is most unlikely that a trial judge would not consider the availability of parole in imposing sentence.

However, in the instant case, there is no room for conjecture as to the Trial Judge's intention. In granting the motion to appeal in forma pauperis, the Trial Judge filed a memorandum in which he stated:

"The Court * * * intended merely to give the defendant whatever benefit the law might allow him with respect to possible parole. * * [T]he Court views this language in the sentence as surplusage."

Counsel contends that the question of whether or not a reference to parole constitutes surplusage or reversible error is a question of law for this Court, and that the ruling of the District Judge should not be dispositive of the issue.

Under the particular circumstances of this case, we cannot agree.

The Court wishes to express its appreciation of the capable and devoted efforts of Mr. Thomas H. Morsch of the Illinois Bar who represented Mr. Bailey in this appeal as court appointed counsel. His briefs and oral argument were most helpful in clarifying the issues.

The ruling of the District Court is affirmed.