Jesus RIVERA, Appellant,

v.

UNITED STATES of America, Appellee.

No. 18006.

United States Court of Appeals
Ninth Circuit.

May 28, 1963.

Jesus Rivera, Leavenworth, Kansas, in pro. per.

Cecil F. Poole, U. S. Atty., and David R. Urdan, Asst. U. S. Atty., San Francisco, Cal., for appellee.

Before HAMLIN ˙ and BROWNING, Circuit Judges, and CROCKER, District Judge.

BROWNING, Circuit Judge.

Appellant was convicted of selling marihuana in violation of 21 U.S.C.A. § 176a; no appeal was taken. The present appeal seeks review of a subsequent order denying a motion under 28 U.S.C.A. § 2255 to vacate the judgment and sentence.

■■■ 1. Appellant contends that the indictment did not meet Sixth Amendment standards because it failed to allege

the name of the person to whom he sold marihuana, or the price paid. Neither of these details is an element of the offense under 21 U.S.C.A. § 176a. The indictment alleged the offense substantially in the words of the statute, which sets forth all the essential elements of the crime; in addition, the time and place of sale were specified, as was the amount of marihuana sold. The indictment thus alleged an offense, and identified the particular conduct upon which the charge was based to the extent necessary to protect appellant from double jeopardy and to tell him what he must be prepared to meet. This was enough to satisfy constitutional standards; an indictment in the form of this one would not be vulnerable to attack even on direct appeal from a judgment of conviction. See United States v. Debrow, 346 U.S. 374, 74 S.Ct. 113, 98 L.Ed. 92 (1953); Young v. United States, 109 U.S.App.D.C. 414, 288 F.2d 398 (D.C.Cir. 1961); Blumenfield v. United States, 284 F.2d 46, 49–50 (8th Cir. 1960); Young v. United States, 94 U.S. App.D.C. 54, 212 F.2d 236 (D.C.Cir. 1954).

■■■ 2. Appellant asserts that the failure of the government to call the informer who purchased the marihuana as a witness denied appellant a constitutional right to confront and cross examine his accuser. He also complains that government agents were permitted to testify to statements made by the informer which were inadmissible hearsay. We rejected identical arguments in Cauley v. United States, 294 F.2d 318, 320 (9th Cir. 1961), on the grounds (1) that the government is not required to call all of the witnesses to a crime,[1] and (2) that the erroneous admission of evidence, as such, is not a basis for relief in a proceeding under 28 U.S.C.A. § 2255.[2]

---

1. See Black v. United States, 269 F.2d 38, 42 (9th Cir. 1959), holding that an informer's refusal to testify did not deprive defendant of a fair trial.

2. See Williams v. United States, 307 F.2d 366, 367 (9th Cir. 1962); Glouser v. United States, 296 F.2d 853, 856 (8th Cir. 1961; United States v. Zavada, 291

F.2d 189, 191 (6th Cir. 1961). These authorities also dispose of appellant's contention that a government witness was improperly permitted to testify to his opinion (based upon the manner of packaging) that the marihuana had originated in Mexico. And as to appellant's further assertion that there was no other

■ 3. Appellant alleges that he was denied his Sixth Amendment right to effective assistance of counsel. General conclusory allegations to this effect are inadequate as a matter of law, and impose no obligation upon the district court to hold an evidentiary hearing. Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963). The only specifics alleged in appellant's petition were that his appointed counsel failed to raise the objections which we have considered above, and failed to request a bill of particulars. Assuming that counsel erred in the latter respect and in failing to object to the admission of evidence, more is required to constitute denial of the effective assistance of counsel guaranteed by the Sixth Amendment. This court has repeatedly said that to be sufficient the allegations must disclose a performance by counsel so incompetent as to make the trial "a farce or a mockery of justice." Stanley v. United States, 239 F.2d 765, 766 (9th Cir. 1956).[3] It is at least clear that "accused persons are not guaranteed counsel who do not make mistakes" (Moore v. United States, 95 U.S. App.D.C. 92, 220 F.2d 198, 199 (D.C.Cir. 1955)); and the allegations of the present petition reveal nothing more than claimed errors by trial counsel of the extent and kind common to all human efforts.[4]

■ 4. Appellant's brief also contains general allegations that collusion occurred between his counsel and government counsel, and that the prosecution knowingly employed perjured testimony. We do not consider these allegations because they initially appeared in papers filed in this court, and because they are only general charges lacking specificity.[5]

■ Since the allegations with which we have thus far dealt were either conclusory, or as a matter of law clearly entitled appellant to no relief under Section 2255, the district court did not commit reversible error in dismissing the petition, as to these allegations, without an evidentiary hearing. See Williams v. United States, 307 F.2d 366 (9th Cir. 1962). We should note, however, that the Supreme Court has recently held that where charges are dismissed on the ground that they are unsupported by allegations of fact, the petitioner is entitled to file a new motion particularizing his averments, and that the better practice in dealing with motions deficient as a matter of pleading is to direct the petitioner to amend. Sanders v. United

---

evidence of illegal importation, absent exceptional circumstances not present here, objections to the sufficiency of the evidence, like those going to its admissibility, are not grounds for relief under Section 2255. See Sunal v. Large, 332 U.S. 174, 179, 67 S.Ct. 1588, 91 L.Ed. 1982 (1947); Glouser v. United States, 296 F.2d 853, 857 (8th Cir. 1961); Link v. United States, 295 F.2d 259 (8th Cir. 1961); United States v. Schultz, 286 F. 2d 753, 755 (7th Cir. 1961); Black v. United States, 269 F.2d 38, 42 (9th Cir. 1959).

3. See, e.g., Cauley v. United States, 294 F.2d 318, 319 (9th Cir. 1961); Black v. United States, 269 F.2d 38, 42 (9th Cir. 1959); Sherman v. United States, 241 F. 2d 329, 336 (9th Cir. 1957); Latimer v. Cranor, 214 F.2d 926, 929 (9th Cir. 1954).

4. In his brief in this court, appellant alleged for the first time that his appointed counsel agreed to note and perfect an appeal from the judgment of conviction, but failed to do so. Without suggesting that failure of counsel to preserve appellant's right to appeal would not be a significant factor in determining whether appellant was denied effective assistance of counsel. [See Jones v. Cunningham, 313 F.2d 347, 353 (4th Cir. 1963); see also Glouser v. United States, 296 F.2d 853, 856–857 (8th Cir. 1961); Mitchell v. United States, 103 U.S.App.D.C. 97, 254 F.2d 954 (D.C.Cir. 1958)], we do not consider the adequacy of this additional allegation here since it was not presented to, nor considered by, the district court. See, e.g., Holt v. United States, 303 F.2d 791, 794 (8th Cir. 1962); Lampe v. United States, 110 U.S. App.D.C. 69, 288 F.2d 881, 881–882 (D. C.Cir. 1961); Smith v. United States, 287 F.2d 270, 273 (9th Cir. 1961).

5. O'Malley v. United States, 285 F.2d 733 (6th Cir. 1961); Walker v. United States, 218 F.2d 80 (7th Cir. 1955).

States, 373 U.S. 1, 83 S.Ct. 1068, 10 L. Ed.2d 148 (1963).[6]

5. Finally, appellant asserts that the sentence imposed by the district court was not authorized by the applicable statutes. The government concedes that this is so.

█ Appellant was convicted under two counts charging violations of 21 U.S. C.A. § 176a, which provides for imprisonment of not less than five years or more than twenty years. He was sentenced to imprisonment for twelve years on each count, the terms to run concurrently. The sentence continued: "It is further ordered that the defendant shall become eligible for parole at such time as the Board of Parole may determine pursuant to Title 18 U.S.C., Section 4208 (a) (2)."

We agree with the parties that the quoted provision of the sentence was not authorized by the pertinent statutes.[7]

(a) When 21 U.S.C.A. § 176a was enacted as Section 106 of the Narcotic Control Act of 1956 (Act of July 18, 1956, 70 Stat. 567), Congress made it clear that persons convicted under this section were not to be eligible for parole.[8] It was the view of Congress that the

policy of severity underlying the earlier Boggs Act (Act of November 2, 1951, 65 Stat. 767) was being defeated by the mitigation of sentences imposed upon persons convicted of trafficking in narcotic drugs and marihuana. One of the principal purposes of the Narcotic Control Act of 1956 was to meet this problem by prohibiting parole in such cases, and by broadening previous restrictions on probation and suspension of sentence.[9]

When 18 U.S.C.A. § 4208 was enacted two years later as Section 3 of Public Law 85–752, August 25, 1958, 72 Stat. 845–46, Congress provided in Section 7 of the same statute: "This Act does not apply to any offense for which there is provided a mandatory penalty." 72 Stat. 847. See Note to 28 U.S.C.A. § 334. A violation of 21 U.S.C.A. § 176a is such an offense, since upon conviction the court must impose a minimum sentence of five years and may not suspend the sentence or place the defendant on probation.[10] Section 4208(a) therefore does not apply to an offense under Section 176a.

It would be surprising if it were otherwise, for this would mean that Congress had determined, without comment or discussion, to reverse the pro-

6. If the present allegations were to be particularized to disclose a possible ground for relief based upon occurrences at the trial, the district court then might, and should, order the trial proceedings transcribed for its consideration and, if necessary, for ours. 28 U.S.C.A. § 753 (b); United States v. Stevens, 224 F.2d 866, 869 (3d Cir. 1955).

7. See Robinson v. United States, 313 F.2d 817, 820–821 (7th Cir. 1963), and unpublished orders of the District Court for the Eastern District of Michigan cited at 821, holding 18 U.S.C.A. § 4208(a) inapplicable to offenses under 21 U.S.C.A. § 174 and 26 U.S.C.A. § 4704. See also Bailey v. United States, 301 F.2d 299 (7th Cir. 1962).

8. In addition to prohibiting suspension of sentence or probation as to the offenses to which it relates (see note 10), 26 U.S. C.A. § 7237(d) provides that "section 4202 of title 18 of the United States Code shall not apply" to such offenses. The latter statute provides for eligibility for parole.

9. See H.R.Rep. No. 2388 & Conf.Rep. No. 2546, 84th Cong., 2d Sess. (1956), 1956 U.S.Code Cong. & Admin. News at pp. 3274, 3275, 3277, 3279, 3284, 3285, 3317, 3318.

10. 21 U.S.C.A. § 176a provides that one who violates its terms "shall be imprisoned not less than five or more than twenty years * * *. For provision relating to sentencing, probation, etc., see section 7237(d) of the Internal Revenue Code of 1954." The latter section (codified as 26 U.S.C.A. § 7237(d)) provides that "Upon conviction * * * of any offense the penalty for which is provided in subsection * * * (h) * * * of section 2 of the Narcotic Drugs Import and Export Act, as amended * * * the imposition or execution of sentence shall not be suspended, probation shall not be granted * * *." 21 U.S.C.A. § 176a is the codification of subsection (h) of Section 2 of the Narcotic Drugs Import and Export Act. See Section 106, Public Law 728, July 18, 1956, 70 Stat. 567, 570.

hibition on parole which it had deliberately imposed only two years earlier in cases involving trafficking in narcotic drugs and marihuana. The intention of Congress was clearly to the contrary. The Senate Committee Report accompanying the bill of which Section 4208 was a part stated: "[T]he mandatory penalties provided by statute for special categories of crime, such as * * * violations of the Narcotic Control Act of 1926, as amended by the Narcotic Control Act of 1956, shall not be affected in any way by the provisions of the bill." Senate Report No. 2013, 85th Cong., 2d Sess. (1958), 1958 U.S.Code Cong. & Admin.News at p. 3892.[11]

(b) Nor is there merit in the suggestion that 18 U.S.C.A. § 4208(a) might apply to that portion of the sentence which exceeds the minimum term required by 21 U.S.C.A. § 176a. The language of Congress was that Section 4208 (a) was to be inapplicable "to any offense" for which there was a mandatory sentence; there is nothing in the Act or its legislative history which would justify limiting the prohibition to a portion of the sentence imposed. Moreover, to do so would read into 18 U.S.C.A. § 4208 (a) an unwarranted partial repeal of the prohibition of parole adopted in the Narcotic Control Act of 1956.

(c) In its order denying appellant's motion, the trial judge in the present case adopted by reference an opinion filed by a different judge in another case denying a similar motion under Section 2255. The latter opinion stated that the judge was of the view that 18 U.S.C.A. § 4208 (a) (2) did not apply to violations of 21 U.S.C.A. § 176a and that he had fixed the sentence on that assumption. The opinion further stated that a provision for the application of Section 4208(a) (2) had been added to the sentence because the judge thought such relief would be appropriate in the absence of a statutory bar, and wished it to be available to the defendant in the event an appellate court subsequently held Section 4208(a) (2) applicable, or Congress changed the law.

We think the inclusion of that opinion by reference in the order in the present case did not render harmless the error of which appellant complains. A matter of such consequence to appellant ought not to be left to inference, no matter how certain that inference may seem to be.[12] Moreover, a clear and unambiguous sentence is of substantial administrative importance to both the prisoner and the government; and the government has in this court joined with appellant in asking that the sentence be corrected.[13]

Reversed, with directions that the motion to vacate be granted and a new sentence be imposed in accordance with law.

---

11. Section 4208(a) applies only where parole is already available; it relates solely to the *time* of eligibility, and was not intended to extend parole to prisoners not otherwise eligible. It provides that a sentencing court may impose a maximum term and direct that the prisoner should be eligible for parole (1) at a stated time which was less than one third of this maximum, or (2) at such time as the Board of Parole might determine. Its purpose was to authorize the court to depart, to the extent indicated, from a form of sentence under which the prisoner would become eligible for parole at the precise time fixed by the existing law (18 U.S.C.A. § 4202) and thus "per-

mit the court, at its discretion, to share with the executive branch the responsibility for determining how long a prisoner should actually serve." Sen.Rep. No. 2013 & Conf.Rep.No. 2579, 85th Cong., 2d Sess. (1958), 1958 U.S.Code Cong. & Admin.News at pp. 3892, 3905.

12. Compare Bailey v. United States, 301 F.2d 299 (7th Cir. 1962).

13. The remedy under Rule 35, Fed.R. Crim.P., to correct a sentence illegal on its face would be available to the government, and to grant such relief on the government's motion would not violate appellant's rights. Orrie v. United States, 302 F.2d 695 (8th Cir. 1962).