OPINION
On February 18, 2000, the Stark County Grand Jury indicted appellant, Michael Timmons, on one count of kidnapping in violation of R.C. 2905.01
and one count of escape in violation of R.C. 2921.34. On March 10, 2000, appellant entered pleas of not guilty by reason of insanity. On November 29, 2000, appellant pled guilty as charged. By judgment entry filed December 1, 2000, the trial court sentenced appellant to a total aggregate term of five years in prison.
On June 26, 2001, appellant filed a petition for postconviction relief. By judgment entry filed October 4, 2001, the trial court denied the petition without hearing.
Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I "THE TRIAL COURT ERRED IN DENYING APPELLANT'S PETITION FOR POST CONVICTION RELIEF WITHOUT CONDUCTING AN EVIDENTIARY HEARING."
 I
Appellant claims the trial court erred in denying his petition for postconviction relief without holding an evidentiary hearing. We agree in part.
R.C. 2953.21 governs petitions for postconviction relief. Subsection (C) states the following:
 "The court shall consider a petition that is timely filed under division (A)(2) of this section even if a direct appeal of the judgment is pending. Before granting a hearing on a petition filed under division (A) of this section, the court shall determine whether there are substantive grounds for relief. In making such a determination, the court shall consider, in addition to the petition, the supporting affidavits, and the documentary evidence, all the files and records pertaining to the proceedings against the petitioner, including, but not limited to, the indictment, the court's journal entries, the journalized records of the clerk of the court, and the court reporter's transcript. The court reporter's transcript, if ordered and certified by the court, shall be taxed as court costs. If the court dismisses the petition, it shall make and file findings of fact and conclusions of law with respect to such dismissal."
In State v. Jackson (1980), 64 Ohio St.2d 107, syllabus, the Supreme Court of Ohio held the following:
 "In a petition for post-conviction relief, which asserts ineffective assistance of counsel, the petitioner bears the initial burden to submit evidentiary documents containing sufficient operative facts to demonstrate the lack of competent counsel and that the defense was prejudiced by counsel's ineffectiveness."
Justice Locher further stated the following at 111:
 "Broad assertions without a further demonstration of prejudice do not warrant a hearing for all post-conviction petitions. General conclusory allegations to the effect that a defendant has been denied effective assistance of counsel are inadequate as a matter of law to impose an evidentiary hearing. See Rivera v. United States (C.A. 9, 1963), 318 F.2d 606."
Appellant's petition avers his trial counsel was ineffective in two respects. First, trial counsel failed to receive his medical records from Massillon Psychiatric Center as requested by the court appointed psychiatrist who was evaluating appellant for the insanity defense. Second, trial counsel gave appellant false advice relative to his plea agreement.
By judgment entry filed October 4, 2001, the trial court denied appellant's petition as follows:
 "The Court finds that Petitioner's claims are without merit. The affidavits attached to said Petition are self-serving and therefore, are insufficient to support his claims. State v. Kapper
(1983), 5 Ohio St.3d 36.
 "Petitioner has failed to support his claims with sufficient evidence to raise a genuine issue of material fact or a substantial constitutional issue."
Appellant argues the affidavits presented with his petition were sufficient to meet the threshold requirement of "substantive grounds for relief." In State v. Calhoun, 86 Ohio St.3d 279, 1999-Ohio-102, paragraphs one and two of the syllabus, the Supreme Court of Ohio states the following regarding the review of accompanying affidavits:
 "1. In reviewing a petition for postconviction relief filed pursuant to R.C. 2953.21, a trial court should give due deference to affidavits sworn to under oath and filed in support of the petition, but may, in the sound exercise of discretion, judge the credibility of the affidavits in determining whether to accept the affidavits as true statements of fact.
 "2. Pursuant to R.C. 2953.21(C), a trial court properly denies a defendant's petition for postconviction relief without holding an evidentiary hearing where the petition, the supporting affidavits, the documentary evidence, the files, and the records do not demonstrate that petitioner set forth sufficient operative facts to establish substantive grounds for relief."
Further, the Calhoun court held in "assessing the credibility of affidavit testimony," trial courts "should consider all relevant factors" including the following:
 "(1) whether the judge reviewing the postconviction relief petition also presided at the trial, (2) whether multiple affidavits contain nearly identical language, or otherwise appear to have been drafted by the same person, (3) whether the affidavits contain or rely on hearsay, (4) whether the affiants are relatives of the petitioner, or otherwise interested in the success of the petitioner's efforts, and (5) whether the affidavits contradict evidence proffered by the defense at trial. Moreover, a trial court may find sworn testimony in an affidavit to be contradicted by evidence in the record by the same witness, or to be internally inconsistent, thereby weakening the credibility of that testimony." Calhoun at 285, citing State v. Moore (1994), 99 Ohio App.3d 748, 754-756.
Our review will be a de novo review of the affidavits and evidence presented. Because appellant's claims are based upon ineffective assistance of counsel, we will use the following standard set out inState v. Bradley (1989), 42 Ohio St.3d 136, paragraphs two and three of the syllabus, certiorari denied (1990), 497 U.S. 1011. Appellant must establish the following:
 "2. Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance. (State v. Lytle
[1976], 48 Ohio St.2d 391, 2 O.O.3d 495, 358 N.E.2d 623; Strickland v. Washington [1984], 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, followed.)
 "3. To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different."
 VOLUNTARINESS OF PLEA
The gist of appellant's argument centers on his claim that he was induced to plead guilty because defense counsel told him he would be sentenced to three years in prison. Instead, the trial court sentenced appellant to a total aggregate term of five years.
A review of the plea transcript reveals the trial court recited the statutory minimum and maximum ranges. November 29, 2000 T. at 3-4. The trial court asked appellant if he was satisfied with his attorney to which appellant responded "yes." Id. at 5. After sentencing appellant to five years on each count, to be served concurrently, appellant remained silent. Id. at 6. In his affidavit at paragraph 44, attached to his petition for postconviction relief, appellant admits "[a]fter entering the courtroom (in front of the Judge), attorney Arkow tried to tell me the deal he made was five (5) years."
We find, as did the trial court, that the affidavits presented are inadequate to overcome the presumptions raised by the trial court's Crim.R. 11 dialogue with appellant. Appellant admits to being aware of the five year sentence prior to entering his plea. We find the trial court did not err in denying the petition's allegations regarding the voluntariness of appellant's plea.
 FAILURE TO OBTAIN MEDICAL RECORDS
Appellant argues trial counsel failed to obtain his medical records from Massillon Psychiatric Center for his evaluator, Robert K. Devies, Ph.D. In his affidavit at paragraphs five and six, Dr. Devies states the following:
 "After being advised that I was going to be requested to perform a sanity examination on MICHAEL L. TIMMONS, I advised Mr. Arkow that I would want all of the records on MICHAEL L. TIMMONS that were possessed by the Massillon Psychiatric Center, as well as form (sic) any other psychological records on MICHAEL L. TIMMONS;
 "Attorney Arkow never gave me any records from the Massillon Psychiatric Center or any other records on MICHAEL L. TIMMONS;"
On March 16, 2000, the trial court ordered an evaluation of appellant's competence to stand trial. On March 17, 2000, the trial court ordered an evaluation of appellant's mental condition at the time of the offense. Evaluations were performed on April 13, 2000 by Thomas W. Hall, Ph.D. of the Summit County Psycho-Diagnostic Clinic. Dr. Hall sent two confidential reports to the trial court regarding appellant's competency and sanity at the time of the offense. Thereafter, appellant stipulated to his competency. On September 25, 2000, the trial court granted appellant's request to obtain his own evaluation of his mental condition at the time of the offense. The trial court set forth a time limit for the evaluation (thirty days from the order), and ordered that a written report shall be provided to the court, prosecutor and defense counsel. We note the affidavit of appellant's mother, Sue Timmons, contains statements regarding defense counsel's failure to follow through on an evaluation, but sets forth dates prior to the trial court's September 25, 2000 order granting the evaluation. On November 13, 2000, defense counsel filed a subpoena duces tecum for appellant's medical records from Massillon Psychiatric Center to be delivered to his office by November 22, 2000. Defense counsel also filed subpoenas on several employees of Massillon Psychiatric Center for appearance at the December 4, 2000 scheduled trial.
Given the trial court's order, defense counsel had the duty to obtain Dr. Devies's evaluation as requested. The state provided the confidential evaluation done by Dr. Hall in its response to appellant's petition for postconviction relief. In his report dated April 20, 2000, Dr. Hall opined "[i]t is reasonable to believe that the defendant's judgment and self-control were weakened at the time of the alleged offenses, but there is no basis to conclude that he was psychotic at the time nor unable to know the wrongfulness of the act." Dr. Hall based his opinion on many records, including appellant's records from Massillon Psychiatric Center. Presumably, because Dr. Hall opined that appellant was sane at the time of the offense, he would have been a state's witness to rebut appellant's plea of not guilty by reason of insanity. It appears only logical that appellant's own independent evaluator should have been afforded the same access to appellant's records. We find, based upon Dr. Devies's affidavit and Dr. Hall's report, there existed sufficient operative facts to demonstrate a lack of competent counsel.
The state argues appellant has failed in his burden to establish the second prong of Bradley and Jackson, prejudice by counsel's deficient performance. The state argues appellant failed to present operative facts that the lack of a complete psychological evaluation and history prejudiced his defense. The state argues Dr. Devies's affidavit does not go far enough and establish but for the records from Massillon Psychiatric Center, he would have found appellant to have been insane at the time of the offense. Appellant argues he will meet this burden at an evidentiary hearing where Dr. Devies can give his opinion with the relevant records.
The standard of review of a petition for postconviction relief when items are presented dehors the record is defined in State v. Milanovich
(1975), 42 Ohio St.2d 46, paragraph one of the syllabus, as follows:
 "Where a claim raised by a petition for postconviction relief under R.C. 2953.21 is sufficient on its face to raise an issue that petitioner's conviction is void or voidable on constitutional grounds, and the claim is one which depends upon factual allegations that cannot be determined by examination of the files and records of the case, the petition states a substantive ground for relief."
In dicta, the Milanovich court at 50 indicated that if "the files and records of the case did not affirmatively disprove that petitioner was entitled to relief," then "the petition stated a substantial ground for relief" and an evidentiary hearing should be held. Given the shortening of the time for the filing of a petition for postconviction relief under S.B. No. 2, the time limits of R.C. 2953.21(D) and the nature of the claim of ineffective assistance of counsel, appellant should be afforded the right to establish prejudice at an evidentiary hearing. Clearly there is a facial showing of ineffective assistance of counsel which may be readily resolved in an evidentiary hearing.
Accordingly, we find the trial court erred in failing to conduct an evidentiary hearing on the issue of ineffective assistance of counsel in the matter of the Devies evaluation.
The sole assignment of error is granted in part.
The judgment of the Court of Common Pleas of Stark County, Ohio is hereby reversed and remanded.
By FARMER, P.J. WISE, J. and EDWARDS, J. concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Stark County, Ohio is reversed and remanded to said court for hearing pursuant to R.C. 2953.21(E).