DECISION
{¶ 1} Appellant, Ricardo De La Paz, appeals from a judgment of the Franklin County Court of Common Pleas that sentenced him to eight years in prison in case No. 04AP-453. In case No. 03AP-1147, this court granted appellant's motion for delayed appeal from the judgment of the Franklin County Court of Common Pleas that overruled his motion for post-conviction relief and appointed the Franklin County Public Defender to represent him. Despite being represented by counsel, appellant has also filed his own brief.
 {¶ 2} Appellant, pro se, raises the following assignments of error:
First assignment of error: The petitioner was denied his right to the effective assistance of counsel, secured to him by the sixth amendment to the constitution of the united states.
Second assignment of error: The petitioner's due process rights were violated when the trial court did not substantially comply under the totality of the circumstances that the petitioner understood the implications of his plea and the rights he was waiving.
Third assignment of error: The trial court erred to the prejudice of the defendant-appellant as his motion to suppress was not ruled upon [by] the trial court at the time of his plea of guilty denying him the right to due process and to present a complete defense.
 {¶ 3} Appellant, through counsel, raises the following assignments of error which, for clarity, we will refer to as supplemental assignments of error:
Assignment of error Number One
The defendant's guilty plea was not knowingly and voluntarily entered into and the trial court erred when it failed to have the entire guilty plea proceedings recorded as required by Crim.R. 22.
Assignment of error Number Two
The trial court erred when it denied the defendant's petition for post-conviction relief without any hearing on the merits and it further erred when it held that the defendant's claims in his petition for post-conviction relief were barred by the doctrine of res judicata.
 {¶ 4} In October 2002, appellant, along with co-defendant Benjamin Mendieta, met with an undercover detective to discuss the detective's purchase of two kilograms of cocaine at a cost of $25,000 each. Apparently, the parties later agreed to a sale of one kilogram of cocaine. The day following the meeting, the parties met at a gas station where Mendieta gave the detective a small sample of the cocaine in a plastic bag. Mendieta told the detective the drugs were in a car at a different location and the detective said he had to leave to get the cash. Police surveillance units followed appellant to the car, where police were able to see what appeared to be a kilo of cocaine in an open shoe box sitting in the car. Appellant and the driver were arrested and Mendieta later turned himself in.
 {¶ 5} Appellant, along with Mendieta, was indicted in case No. 02CR11-6570 with possession of cocaine in an amount in excess of 500 grams but less than 1,000 grams. In a separate indictment in case No. 03CR02-996, but based on the same facts, appellant was charged with trafficking in cocaine in an amount greater than 1,000 grams. This charge carried a major drug offender specification. Following plea negotiations, appellant entered a plea of guilty to possession of cocaine in case No. 02CR11-6570, and a nolle prosequi was entered to the drug trafficking charge.
 {¶ 6} Because appellant spoke little or no English, the court appointed a Spanish interpreter for him. A second interpreter was present, apparently at appellant's request, to be certain the translations were correct. Both interpreters were sworn and the court proceeded in accordance with Crim.R. 11 to accept appellant's guilty plea, and sentenced him to eight years in prison.
 {¶ 7} In appellant's first and third pro se assignments of error, he argues he was deprived of effective assistance of counsel when his attorney did not require the court to rule on a motion to suppress evidence of the kilo of cocaine found in the car before proceeding with the guilty plea. A plea of guilty is a waiver of any errors which may have occurred during trial including those relating to the suppression of evidence. HuberHts. v. Duty (1985), 27 Ohio App.3d 244. Even assuming appellant's guilty plea did not waive the issue, his argument is still without merit.
 {¶ 8} Appellant has the burden of proving ineffective assistance of counsel. State v. Smith (1981),3 Ohio App.3d 115. In State v. Smith (1985), 17 Ohio St.3d 98, the Ohio Supreme Court adopted the two-prong analysis espoused inStrickland v. Washington (1984), 466 U.S. 668, for determining whether counsel's assistance was so defective as to require reversal of a conviction. In Strickland, at 687, the court held:
A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the `counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. * * *
See, also, State v. Hester (1976), 45 Ohio St.2d 71.
 {¶ 9} To establish prejudice within the context of a guilty plea, appellant must show that, but for counsel's errors, there is a reasonable probability he would not have entered a guilty plea, but would have insisted on going to trial. Hill v.Lockhart (1985), 474 U.S. 52. Further, a guilty plea is a waiver of alleged errors that might have occurred at the trial court, including those relating to motions to suppress. State v.Elliott (1993), 86 Ohio App.3d 792.
 {¶ 10} At the plea hearing, the prosecutor stated:
Surveillance units then fanned out and followed Mr. De La Paz to a Dodge Intrepid by a woman. [Sic.] They approached that vehicle, and they could see an open shoe box with what appeared to a wrapped kilo of cocaine. They got everybody out. Indeed, it was a wrapped kilo of cocaine.
(Tr. 11-12.)
 {¶ 11} The plain view exception to the Fourth Amendment authorizes the seizure without the necessity of a search warrant of an illegal object or contraband that is immediately recognizable as such when it is in plain view of a law enforcement official. The officers need not know that the items in plain view are contraband or evidence of a crime, it is sufficient that probable cause exists to associate the property with criminal activity. State v. Moore, Montgomery App. No. 20198, 2004-Ohio-3783.
 {¶ 12} Appellant did not object to the prosecutor's statement of facts and, based on those facts, there is no probability the motion to suppress would have been granted, as the cocaine was in plain view of the officers. Counsel cannot be deemed ineffective for failing to pursue a meritless motion.
 {¶ 13} Further, appellant cannot show that, but for counsel's failure to pursue a ruling on the motion to suppress, he would have rejected the sentence offered and gone to trial. The state's evidence was strong and, had appellant gone to trial and been convicted, because of the major drug offender specification he could have received a lengthy sentence. As a result of counsel's assistance, one charge that included a major drug specification was dismissed and he received less than the maximum sentence for the attempt to sell a kilogram of cocaine worth $25,000.
 {¶ 14} Appellant's first and third pro se assignments of error are overruled.
 {¶ 15} In his second pro se assignment of error, appellant argues his plea was not knowingly, voluntarily and intelligently entered because the trial court failed to comply with Crim.R. 11.
 {¶ 16} Crim.R. 11 requires the trial court to personally address the defendant and inform him of the rights being waived by entering a guilty plea. The Ohio Supreme Court has held that literal compliance with Crim.R. 11 is preferred, but that the plea will not be vacated if a reviewing court finds there was substantial compliance with the rule. Substantial compliance means that, under the totality of the circumstances, a defendant subjectively understood the implication of the plea and the rights being waived. State v. Stewart (1977), 51 Ohio St.2d 86.
 {¶ 17} The crux of appellant's argument appears to be that he was promised a three-year sentence and got eight years.
 {¶ 18} Because appellant spoke no English, the trial court provided appellant with an interpreter. Appellant also provided his own interpreter. Both interpreters were sworn by the court. A review of the record shows the court fully complied with Crim.R. 11, that the interpreters interpreted the court's statements and appellant answered he understood and waived his rights. The court specifically stated on three occasions that the sentence would be eight years. (Tr. at 3, 8, 10.) The record further demonstrates that appellant and his interpreter, not the court's interpreter, along with appellant's counsel, reviewed the guilty plea form. (Tr. at 5.) The form clearly states that the sentence is to be eight years, and eight is written as a number and not a word. During the plea proceedings, appellant asked a question and the following occurred:
THE COURT: Do you want to go forward and plead guilty to the indictment for possession of cocaine, felony of the first degree, at this time?
(Mr. Fuentes interpreted.)
MR. FUENTES: He wishes to ask a question. He just wants to verify that the maximum sentence he is going to receive is eight years in view of the agreement between the prosecutor and hisattorney.
THE COURT: I plan on following their recommendation.
MR. FUENTES: Thank you.
THE COURT: And so does he wish to plead guilty then at this time?
(Mr. Fuentes interpreted.)
MR. FUENTES: Yes.
(Emphasis added. Tr. at 10.)
 {¶ 19} A fair reading of this portion of the guilty plea proceedings is that appellant wanted to be certain the recommended sentence of eight years would be imposed by the court. Based on appellant's own question and the trial court's statement, it was clear the recommended eight-year sentence would be imposed. We find no merit to appellant's claim he anticipated or was informed he would receive a three-year sentence. Appellant's second pro se assignment of error is overruled.
 {¶ 20} In his first supplemental assignment of error, appellant argues the trial court failed to comply with Crim.R. 22 by failing to have the Spanish portions of the proceedings recorded. Crim.R. 22 provides in part:
In serious offense cases all proceedings shall be recorded.
* * *
Proceedings may be recorded in shorthand, or stenotype, or by any other adequate mechanical, electronic or video recording device.
 {¶ 21} Appellant argues that a record of all proceedings requires that the interpreter's translation of the court's statement into a foreign language, in this instance Spanish, as well as the defendant's replies in that language, must be recorded as well as the English translations. Specifically, appellant argues that he was confused by some aspects of the sentencing, that is, the length of the sentence. Appellant does not argue the translation was not correct. As discussed in conjunction with appellant's second pro se assignment of error, we find the argument that appellant was confused as to the length of the sentence to be without merit.
 {¶ 22} In State v. Alvarez, 154 Ohio App.3d 526,2003-Ohio-5094, at ¶ 6-7, 10, the Second District Court of Appeals, in a similar situation, stated:
This contention assumes that there was some defect in what the interpreter said to Alvarez in repeating the court's words and/or what Alvarez said in response and the interpreter reported to the court. That assumption is unwarranted and certainly cannot be used to bootstrap a claim that Alvarez's guilty plea was not knowing, intelligent, and voluntary as a result. In any event, the thrust of Alvarez's argument underlying his ineffective-assistance-of-counsel claim is not that his plea was defective but that the record is insufficient to show that it was done correctly. We do not agree.
Courts of common pleas are authorized by R.C. 2301.12(A) to employ "[a] court interpreter, who shall take an oath of office, hold his position at the will and under the direction of the court, interpret the testimony of witnesses, translate any writing necessary to be translated in court, or in a cause therein, and perform such other services as are required by the court." The interpreter may not give his own conclusions with respect to the answers of a witness, but should give a literal interpretation of the language employed by the witness. State v.Rodriquez (1959), 110 Ohio App. 307, 13 O.O.2d 79, 169 N.E.2d 444.
* * *
Here, the court put the reporter it had appointed under oath and charged her to "translate accurately all that the Court will state to Mr. Alvarez and he to the Court." The interpreter replied that she would. There is no basis to believe that she did not, and the interpreter's responses on Alvarez's behalf serve as a record of his responses. Unlike [State v. Pina (1975),49 Ohio App.2d 394], the interpreter's responses repeated the defendant's own words, not the interpreter's narrative conclusions about the defendant's knowledge and understanding of the matters the court's inquiries involved. There is no further requirement that the intervening conversations between them in Spanish must also be memorialized, if that is even possible, and certainly not to overcome speculation that the interpreter failed to do her job correctly. * * *
See, also, United States v. Boria (1975), 518 F.2d 368;People v. Braley (1994), 879 P.2d 410; Gonzales v. State
(1991), 819 P.2d 1159.
 {¶ 23} We find the case on which appellant relies to be distinguishable from the facts herein. In State v. Pina (1975),49 Ohio App.2d 394, the court held that an interpreter must literally translate what the court and defendant say, not provide a summary of what the interpreter understands to have been said. Here, we have no reason to conclude that the interpreter did not provide a literal translation. Appellant had not one but two interpreters. At one point, appellant's interpreter intervened to correct a statement made by the court's interpreter. (Tr. at 8.) Thus, if there was any inconsistency between the court's statements and the court's interpreter's translation, appellant's interpreter was present to make corrections and to be certain appellant was correctly informed. Appellant failed to demonstrate he was prejudiced by lack of the Spanish portions of the record. Appellant's first supplemental assignment of error is overruled.
 {¶ 24} In his second supplemental assignment of error, appellant argues the trial court abused its discretion by denying his motion for post-conviction relief without a hearing. In order to find that the trial court abused its discretion, we must find more than an error of law or judgment, an abuse of discretion implies that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219. Most instances of an abuse of discretion result in decisions that are unreasonable as opposed to arbitrary and capricious. AAAA Enterprises, Inc. v. River Place CommunityUrban Redevelopment Corp. (1990), 50 Ohio St.3d 157. A decision that is unreasonable is one that has no sound reasoning process to support it. In State v. Jackson (1980), 64 Ohio St.2d 107, syllabus, the court held:
In a petition for post-conviction relief, which asserts ineffective assistance of counsel, the petitioner bears the initial burden to submit evidentiary documents containing sufficient operative facts to demonstrate the lack of competent counsel and that the defense was prejudiced by counsel's ineffectiveness.
The court further stated, at 111:
Broad assertions without a further demonstration of prejudice do not warrant a hearing for all post-conviction petitions. General conclusory allegations to the effect that a defendant has been denied effective assistance of counsel are inadequate as a matter of law to impose an evidentiary hearing. See Rivera v.United States (C.A.9, 1963), 318 F.2d 606.
 {¶ 25} In State v. Calhoun (1999), 86 Ohio St.3d 279, 284, the court stated:
* * * [I]n reviewing a petition for postconviction relief filed pursuant to R.C. 2953.21, a trial court should give due deference to affidavits sworn to under oath and filed in support of the petition, but may, in the sound exercise of discretion, judge their credibility in determining whether to accept the affidavits as true statements of fact. To hold otherwise would require a hearing for every postconviction relief petition. Because the statute clearly calls for discretion in determining whether to grant a hearing, accepting all supporting affidavits as true is certainly not what the statute intended. "[I]f we would allow any open-ended allegation or conclusory statement concerning competency of counsel without a further showing of prejudice to the defendant to automatically mandate a hearing, division (D) of R.C. 2953.21 would be effectively negated and useless."Jackson, 64 Ohio St.2d at 112, 18 O.O.3d at 351, 413 N.E.2d at 823.
 {¶ 26} Appellant's motion for post-conviction relief is premised on his contention that his counsel should have pursued the motion to suppress the drugs, that his counsel incorrectly asserted to appellant he would receive a three-year sentence, and that the trial court did not comply with Crim.R. 11.
 {¶ 27} As discussed in conjunction with appellant's second pro se assignment of error, the trial court fully complied with Crim.R. 11. Since the plea proceedings were part of the record, this issue could have been raised on direct appeal and is barred by res judicata. Likewise, there is no merit to the argument that counsel was ineffective in failing to pursue a meritless motion to suppress.
 {¶ 28} As discussed in appellant's second pro se assignment of error, there is also no merit to the argument he was promised a three-year sentence. Here, appellant had two interpreters present when entering his guilty plea. On at least three occasions, the court stated it would impose a jointly-recommended sentence of eight years. Appellant specifically asked the court if the longest sentence he was going to receive was to be eight years. Appellant said nothing after the sentence was imposed. While the trial court is required to give due deference to the affidavit filed by appellant in support of his motion for post-conviction relief, it is not required to accept the incredible. There is nothing in the record to suggest that appellant expected to be sentenced to three years in prison, and appellant's self-serving affidavit was inadequate to require the court to conduct a hearing. The trial court did not abuse its discretion in failing to do so. Appellant's second supplemental assignment of error is overruled.
 {¶ 29} For the foregoing reasons, appellant's three pro se assignments of error are overruled, and appellant's two supplemental assignments of error are overruled. The judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
Bryant and Deshler, JJ., concur.
Deshler, J., retired of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.