OPINION
{¶ 1} Defendant-appellant Mark Turnbow appeals from the November 7, 2005 Judgment Entry of the Stark County Court of Common Pleas overruling his Petition for Post-Conviction Relief.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On September 7, 2004, the Stark County Grand Jury indicted appellant on three counts of felonious assault in violation of R.C.2903.11(A)(2), felonies of the first degree, and one count of failure to comply with an order or signal of a police officer in violation of R.C.2921.331(B)(C)(5)(a)(ii), a felony of the third degree. At his arraignment on September 10, 2004, appellant entered a plea of not guilty to the charges.
 {¶ 3} After finding that appellant had voluntarily, knowingly, and intelligently waived his right to a jury, the matter proceeded to a bench trial. Officer Shawn Peoples of the Canton Police Department testified that he was working the 7:00 p.m. to 7:00 a.m. shift on August 5, 2004, when he observed a silver Ford truck traveling in the wrong direction on Second Street, SE, in Canton, Ohio. Officer Peoples activated the lights on his cruiser and attempted to catch up to the vehicle. After catching up with the vehicle, the officer used the air horn on the cruiser to get the driver's attention. The driver, who was subsequently identified as appellant, turned north on Cherry Avenue, SE, and then eastbound on East Tuscarawas. Officer Peoples followed behind the vehicle with his lights activated while intermittently hitting the air horn. The officer was able to see appellant in the left side mirror, and noticed "he looked at me and, you know, he — and he had a smile on his face. I found that kind of strange." Transcript at 25. Officer Peoples called for backup, and continued to follow the truck southbound on *Page 3 
Young Avenue, SE. The officer again noticed appellant in the left side mirror, smiling at him. Appellant maintained a rate of speed between 25 and 30 mph, and stopped at every intersection.
 {¶ 4} Officer Michael Lombardi and Michael Walker arrived in car 17. The two cruisers tried to "box the truck in" with Officer Peoples' cruiser in front and car 17 behind. Appellant made an evasive move down an unnamed alley, situated between houses. Officers Lombardi and Walker pursued the vehicle, which was then traveling at a high rate of speed. Officer Peoples had passed the alley and traveled to the corner of Sterling and Third Streets, SE. The silver truck cut across a parking lot, and almost hit Officer Peoples' cruiser. In order to avoid a major accident, Officer Peoples went off the road and onto Third Street, SE, traveling in the wrong direction.
 {¶ 5} Officers Lombardi and Walker continued to pursue the truck. Eventually, the silver truck and both cruisers ended up in the parking lot of a brickyard. Officer Lombardi then alighted from the cruiser. Appellant reversed the truck and hit car 17. Officer Lombardi went down. Testimony was adduced that appellant drove erratically on the loose gravel pavement, kicking up rocks and dust, and came close to hitting Officer Walker, who fired a shot from his weapon.
 {¶ 6} Officer Peoples had exited his cruiser and observed the truck coming at him, fan tailing through the parking lot. As the vehicle approached and passed, Officer Peoples fired two rounds at the truck. Appellant exited the brickyard, traveling in the wrong direction on Third Street, SE. The officers stopped their pursuit as Officer Peoples had previously obtained the license plate number. Per department protocol, because shots had been fired, the officers proceeded to Aultman Hospital for drug and *Page 4 
alcohol testing. Officer Lombardi was also treated for swelling, contusions and abrasions to his left knee.
 {¶ 7} The officers traced the truck to appellant's home In Wayne County. At approximately 2:00 a.m., officers from the Wayne County Sheriff's Department arrived to search inside appellant's house. Appellant returned home at approximately 6:00 a.m. and the Wayne County officers took appellant into custody for questioning.
 {¶ 8} At the close of the State's evidence, appellant made an oral Crim.R. 29 Motion for Acquittal, which the trial court overruled. Thereafter, appellant testified on his own behalf. Appellant testified that he was home on August 5, 2004, working on a porch construction project. He recalled he began drinking that morning with a couple of Jack Daniels and Coca Cola's. The last thing that appellant remembered was being in his upstairs office between 3:00 p.m. and 4:30 p.m. Appellant testified that he did not remember anything that occurred from 4:30 p.m. until 6:30 a.m. the following morning, when he was traveling down his street towards his home. Appellant acknowledged his problem with alcohol had progressively worsened over the past six months to year.
 {¶ 9} When appellant returned home, he was met by five Wayne County Sheriff's cruisers. The officers informed appellant that the Stark County Detective Bureau wanted to ask him some questions. Appellant denied any knowledge of the events of the evening, and tried to explain this to the officers. On cross-examination, appellant acknowledged that the silver truck the police had pursued and videotaped was his vehicle, but denied being the driver of the vehicle that evening.
 {¶ 10} After hearing all the evidence, the trial court found appellant not guilty of one count of felonious assault with respect to Officer Lombardi, but found appellant *Page 5 
guilty of the lesser included offense of negligent assault. The trial court also found appellant guilty of the remaining two counts of felonious assault as well as the one count of failure to comply. The trial court ordered a pre-sentence investigation and scheduled a sentencing hearing for December 22, 2004.
 {¶ 11} As memorialized in an entry filed on December 30, 2004, the trial court sentenced appellant to five years on each of the counts of felonious assault and ordered that the terms were to run concurrently. The trial court also sentenced appellant to a prison term of one year on the failure to comply count, and ordered that such sentence was to run consecutively to the sentences on the felonious assaults.
 {¶ 12} On October 5, 2005, appellant filed a Petition to Vacate or Set Aside Sentence pursuant to R.C. 2953.21. Appellant, in his petition, alleged that trial counsel was ineffective in failing to "subpoena, ascertain affidavits of or request depositions of any and all witnesses provided to trial counsel for the defense of petitioner." All of the witnesses, appellant alleged, would have testified as to his alcoholism and alcoholic blackouts and appellant's high level of intoxication on the day in question. Appellant also alleged that his trial counsel was ineffective in repeatedly advising appellant that the State had "no proof of" the video taken from a police cruiser prior to trial. With respect to such count, appellant alleged that the same was reviewed by trial counsel the first time just prior to trial.
 {¶ 13} In his petition, appellant also argued that his trial counsel was ineffective because the State failed to prove an "essential element of `knowingly' concerning the offense of felonious assault." Appellant argued that counsel should have presented the defense that appellant could not have acted "knowingly" because of his intoxication. *Page 6 
Appellant also maintained that his trial counsel was ineffective in permitting appellant to be overcharged, over-indicted and over sentenced and in failing to request a professional psychological witness to assist appellant in his defense.
 {¶ 14} Pursuant to a Judgment Entry filed on November 7, 2005, the trial court overruled appellant's Petition for Post-Conviction Relief. The trial court, in its entry, stated, in relevant part, as follows:
 {¶ 15} "Petitioner fails to submit evidentiary quality materials in support of his petition. Further, Petitioner's claim of ineffective assistance of counsel due to his counsel's failure to call expert witnesses to support his alcohol-blackout defense is without merit. Voluntary intoxication is not an excuse for the commission of a crime. The fact that Petitioner was drunk at the time he assaulted the police officers doe [sic] not mean he cannot be convicted of felonious assault and failure to comply with a police order."
 {¶ 16} The trial court further found that appellant's claims had been raised by his appellate counsel in his direct appeal and, therefore, were barred by the doctrine of res judicata.
 {¶ 17} It is from the trial court's November 7, 2005 Judgment Entry that appellant now appeals, raising the following assignments of error:
 {¶ 18} "I. APPELLANT WAS DENIED HIS RIGHT TO DUE PROCESS AND EFFECTIVE ASSISTANCE OF COUNSEL AS GUARANTEED BY THE SIXTH ANDFOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION AND ARTICLE ONE, SECTIONS TEN AND SIXTEEN OF THE OHIO CONSTITUTION WHEREIN COUNSEL FOR THE APPELLANT NEGLECTED AND REFUSED TO *Page 7 
CONTACT, SUBPONEA [SIC], OBTAIN AFFIDAVITS OF, OR REQUEST DEPOSITION OF ANY AND ALL WITNESSES, BOTH EYE-WITNESSES AND OTHER WITNESSES, PROVIDED TO COUNSEL FOR THE DEFENSE BY THE APPELLANT.
 {¶ 19} "II. APPELLANT WAS DENIED HIS RIGHT TO DUE PROCESS AND OF ASSISTANCE OF COUNSEL AS GUARANTEED BY THE SIXTH ANDFOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION AND ARTICLE ONE, SECTIONS TEN AND SIXTEEN OF THE OHIO CONSTITUTION, WHEREIN TRIAL COUNSEL REPEATEDLY ADVISED THE APPELLANT THAT THE STATE HAD NO PROOF OF POLICE VIDEO PRIOR TO TRIAL, AND ALLOWED VIDEO INTO THE TRIAL, TEN (10) MINUTES PRIOR TO TRIAL.
 {¶ 20} "III. APPELLANT WAS DENIED HIS RIGHT TO DUE PROCESS AND OF ASSISTANCE OF COUNSEL AS GUARANTEED BY THE SIXTH ANDFOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION AND ARTICLE ONE, SECTIONS TEN AND SIXTEEN OF THE OHIO CONSTITUTION DUE TO TRIAL COUNSELS [SIC] FAILURE TO ADDRESS THE INDICTMENT AND CHARGES LEVIED UPON THE APPELLANT PRIOR TO TRIAL BY WAY OF LACK OF PREPARATION.
 {¶ 21} "IV. APPELLANT WAS DENIED HIS RIGHT TO DUE PROCESS AND EFFECTIVE ASSISTANCE OF COUNSEL AS GUARANTEED BY THE SIXTH ANDFOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION AND ARTICLE ONE, SECTIONS TEN AND SIXTEEN OF THE OHIO CONSTITUTION WHEREIN COUNSEL NEGLECTED AND REFUSED TO HAVE AT APPELLANTS DEFENSE ANY PSYCHOLOGICAL TESTING OR WITNESSES, SWORN AFFIDAVITS *Page 8 
OR DEPOSITIONS OF PROFESSIONAL WITNESSES, ANY CONTACT TO DETERMINE AND ESTABLISH THE SAINITY [SIC] OR CULPABILITY OF THE APPELLANT."
 I, II, III, IV {¶ 22} Appellant, in all of his assignments of error, argues that he received ineffective assistance of trial counsel.
 {¶ 23} The Sixth Amendment right to effective counsel should be raised on appeal and cannot be re-litigated in a post-conviction petition if the basis for raising the issue of ineffective counsel is drawn from the record. State v. Lentz, 70 Ohio St.3d 527, 639 N.E.2d 784,1994-Ohio-532. In State v. Jackson (1980), 64 Ohio St.2d 107,413 N.E.2d 819 syllabus, the Supreme Court of Ohio held the following: "In a petition for post-conviction relief, which asserts ineffective assistance of counsel, the petitioner bears the initial burden to submit evidentiary documents containing sufficient operative facts to demonstrate the lack of competent counsel and that the defense was prejudiced by counsel's ineffectiveness."
 {¶ 24} "Broad assertions without a further demonstration of prejudice do not warrant a hearing for all post-conviction petitions. General conclusory allegations to the effect that a defendant has been denied effective assistance of counsel are inadequate as a matter of law to impose an evidentiary hearing. See Rivera v. United States (C.A.9, 1963), 318 F.2d 606." Id. at 111.
 {¶ 25} Because appellant's claims are based upon ineffective assistance of counsel, we will use the following standard set out inState v. Bradley (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, paragraphs two and three of the syllabus, certiorari denied *Page 9 
(1990), 497 U.S. 1011. Appellant must establish the following: "2. Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance. (State v. Lytle [1976], 48 Ohio St.2d 391,358 N.E.2d 623; Strickland v. Washington [1984], 466 U.S. 668,104 S.Ct. 2052, 80 L.Ed.2d 674, followed.) 3. To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different."
 {¶ 26} Appellant, in his first assignment of error, argues that his trial counsel was ineffective in failing to contact, obtain affidavits of or request depositions of witnesses whose names appellant provided to trial counsel. Appellant specifically contends that such witnesses, both expert and non-expert, would have testified as to appellant's history of alcoholism and blackouts.
 {¶ 27} At the trial in this matter, appellant testified that, on August 5, 2004, he started drinking early in the morning and he had no recollection of what occurred between 4:30 p.m. and 6:00 a.m. the next day. He further testified that he was very intoxicated on the day in question, that his drinking had gotten progressively worse over the past six months and that he had told the police that he had blacked out the night in question. Appellant's wife testified that appellant has had an on-and-off alcohol problem over the years and that, while appellant had been over at a neighbor's the afternoon of August 5, 2004, he did not remember being there. *Page 10 
 {¶ 28} This Court, in affirming appellant's conviction, stated in relevant part, as follows: "A review of the record reveals appellant drove 30 to 35 miles away from his home in Sterling, Ohio, to Canton, Ohio, traveling at least eight different routes. When police officers signaled him to pull over, he ignored them, continuing to travel at a moderate rate of speed and stopping at every intersection. Further, Officer Peoples testified he saw appellant's reflection in the rear view mirror and noted appellant was smiling as he watched the officer in pursuit. When officers initially questioned appellant after he arrived at his Sterling, Ohio home at 6:00am on August 5, 2004, he adamantly maintained he did not rob a bank during the same time period in which he could not remember evading the police. We find this is ample evidence from which the trial court could find appellant had the requisite intent. Appellant failed to present sufficient evidence to show he was so intoxicated as to be mentally unable to intend anything. See,State v. Walkup, Morgan App. No. 96CA06, unreported. The fact appellant testified he could not remember the events did not require the trial court, as the trier of fact, to believe appellant." State v.Turnbow, Stark App. No. 2005 CA 00026, 2005-Ohio-6702 at paragraph 21.
 {¶ 29} While appellant, in support of his post-conviction petition, attached his own affidavit, an affidavit from his wife, and "affidavits" from his neighbor and friends pertaining to appellant's alcohol abuse and alleged blackouts, we concur with appellee that appellant presents nothing more than cumulative matters that were raised before the trial court and rejected. The trial court heard testimony that appellant was intoxicated and that he had blacked out, but still found that appellant had the requisite *Page 11 
intent. We do not find that appellant's trial counsel was ineffective in failing to contact the numerous individuals that appellant asserts should have been contacted.
 {¶ 30} Appellant also contends that his trial counsel was ineffective in failing to call an expert witness to testify with respect to appellant's alcoholism, we note that appellant raised the same assignment of error on his direct appeal. In overruling appellant's assignment, this Court stated, in relevant part, as follows: "With respect to appellant's position trial counsel was ineffective for failing to present expert testimony of the defense of intoxication, we find appellant is unable to establish the second prong of the Strickland test. Appellant has failed to establish in the record before this Court how the testimony of an expert would have proved beneficial to his case. His belief that such testimony would have been beneficial is purely speculative." Id at paragraph 28.
 {¶ 31} We concur with the trial court that appellant failed to submit evidentiary quality materials in support of his petition with respect to such issue. Without such evidence appellant cannot show that he was prejudiced by his trial counsel's failure to call an expert witness.
 {¶ 32} We find that appellant's allegation, in his second assignment of error, that his trial counsel was ineffective in failing to object to the admission of the videotape recording taken from the patrol car of Officer Peoples, is barred by the doctrine of res judicata because such issue was raised on direct appeal. This Court, in rejecting appellant's argument, on direct appeal stated, in relevant part, as follows: "Appellant additionally contends trial counsel was ineffective for failing to object to the admission of a videotape recording taken from Officer Peoples' cruiser. An attorney is not ineffective for failing to raise an objection which would have been denied. State v. Gibson (1980), *Page 12 69 Ohio App.2d 91, 95. Because the videotape was properly admitted, we find trial counsel was not ineffective for failing to object to its admission." Id at paragraph 31. Consequently, the doctrine of res judicata bars appellant from raising such issue again now.
 {¶ 33} Appellant, in his third assignment of error, argues that his trial counsel was ineffective in failing to "address the indictment and charges levied upon the Appellant prior to trial by way of lack of preparation." Appellant specifically, in the body of his assignment, argues that his trial counsel failed "to address the requirements of felonious assault prior to trial." However, other than his own conclusory statements, appellant failed to submit evidentiary materials in support of such assignment.
 {¶ 34} Finally, appellant, in his fourth assignment of error, argues that his trial counsel was ineffective in failing to have psychological and lie detector testing performed. Appellant did not raise the issue of the lie detector test in his petition before the trial court and, therefore, we will not address such issue now. Moreover, upon review, we conclude the trial court did not err in dismissing appellant's petition on such basis, as appellant has not demonstrated prejudice as a result of trial counsel's claimed ineffective assistance in failing to request psychological testing on the issue of intoxication alcoholism. Appellant failed to attach any evidentiary quality materials to his petition with respect to such issue. There is no affidavit from a psychologist attached to appellant's petition. Moreover, the issue of appellant's alcohol abuse was before the trial court, which rejected such testimony and found that appellant had the necessary intent to commit felonious assault. Appellant merely speculates that the outcome of his trial would have been different, but for counsel's failure to request such testing. We note *Page 13 
that the trial court, at the conclusion of the bench trial in this case, stated, in relevant part, as follows:
 {¶ 35} "Now, as to Count Two, and Count Three, relative to Officer Peoples and Officer Walker: The Court heard the testimony, ah, does not accept the argument of counsel that this defendant was blacked out to the extent that the element of knowingly, ah, was not present. One does not drive 35 miles or making over 8 or 9 different routes blacked out without something happening before it happened in this particular case. And nothing I saw on the videotape indicates a person who is blacked out, that is drifting or in any way driving in a manner that shows that one is blacked out. I just do not accept that argument, ah, because of the length of time he drove, the period of time he drove, the number of routes he would have had to have taken to get to downtown Canton, and his actions are shown on the videotape. Therefore, as it relates to Officer Peoples, Count Two, and Officer Walker, Count Three, the Court is convinced beyond a reasonable doubt that the defendant did knowingly cause or attempt to cause physical harm to each of those officers as alleged by means of a deadly weapon, the vehicle. Ah, there is no question in this particular case there is no issue of blind spot. He wasn't backing up, he was driving and he was driving towards those individuals with wheels spinning, ah, that is in fact, ah, that each and every element of those offenses have been proven beyond a reasonable doubt.
 {¶ 36} "Likewise, as to Count Four, again the Court does not believe that the intoxication takes away the element of willfully, ah, that in fact, ah, there was more than ample opportunity to comply with the police officers, the length of period of time of the driving, ah, the nature of the time, the day, 8 o'clock, when there is likely to be traffic, *Page 14 
that he did create a substantial risk of serious physical harm to persons or property. Clearly in this particular case one of those persons is himself. The fact that four gunshots were fired." Transcript at 153-154. Thus, it cannot be said that the result of appellant's trial would have been different had psychological testing been performed.
 {¶ 37} Based on the foregoing, appellant's four assignments of error are overruled.
 {¶ 38} Accordingly, the judgment of the Stark County Court of Common Pleas is affirmed.
 Edwards, J., Wise, P.J. and Delaney, J. concur. *Page 15 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas is affirmed. Costs assessed to appellant. *Page 1